*651
 
 OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 The focus of this appeal is the Child Support Standards Act (Family Ct Act § 413; Domestic Relations Law § 240), which includes a numeric formula for calculating the award of child support, prescribing criteria as to combined parental income under $80,000 and criteria as to income above that amount. We are asked to review an award determined by application of the statutory formula to combined parental income exceeding $80,000. We conclude that the award was proper and affirm the Appellate Division order so holding.
 

 The parties here were divorced in 1986, with two children, one of whom is now emancipated. Plaintiff mother was awarded custody of the children and defendant father was ordered to pay $125 per week in child support. In 1989 plaintiff petitioned for an upward modification of the support award for the nonemancipated child pursuant to the newly enacted child support statute, and defendant cross-petitioned for a downward modification.
 

 After taking evidence in a two-day hearing relating to the family’s income and expenses, the Hearing Examiner found a substantial increase in the parties’ financial circumstances warranting increased child support. On combined parental income of $99,944 (64.4% of it attributable to the father), the Hearing Examiner ordered defendant to pay $218 per week. That amount was determined by multiplying the parents’ total income by the statutory percentage (17%) and then allocating 64.4% of that amount to the father. The Hearing Examiner further ordered defendant to pay his pro rata share of the child’s private school costs
 
 [1]
 
 and unreimbursed medical expenses.
 

 Before Family Court, the father contended that the Hearing
 
 *652
 
 Examiner erred in applying the statutory percentage to income over $80,000 without setting forth reasons for that particular award. Family Court concluded that the statute permitted that and, absent good cause, refused to interfere with the Hearing Examiner’s exercise of discretion to apply the percentage. The Appellate Division agreed with the father that Family Court was required to state reasons for the award of child support on combined parental income over $80,000 but found that requirement satisfied by the Hearing Examiner’s in-depth consideration of the parties’ circumstances. The Appellate Division additionally affirmed the award of unreimbursed medical expenses. We now affirm.
 

 The Child Support Standards Act, effective September 15, 1989, replaced a needs-based discretionary system with a precisely articulated, three-step method for determining child support. Enactment of this statute after long efforts signalled a new era in calculating child support awards
 
 (see generally,
 
 Reichler and Lefcourt,
 
 The New Child Support Standards Act,
 
 NY St BJ 36 [Feb. 1990]; Note,
 
 The Child Support Standards Act and the New York Judiciary: Fortifying the 17 Percent Solution,
 
 56 Brook L Rev 1299).
 

 The Act had among its objectives the assurance that both parents would contribute to the support of the children, and that the children would not "unfairly bear the economic burden of parental separation” (Governor’s Program Bill Mem, Bill Jacket, L 1989, ch 567, at 1). Emphasis was to shift "from a balancing of the expressed needs of the child and the income available to the parents after expenses to the total income available to the parents and the standard of living that should be shared with the child” (Reichler and Lefcourt, NY St BJ,
 
 op. cit.,
 
 at 44;
 
 see also,
 
 Governor’s Approval Mem, 1989 NY Legis Ann, at 250 ["children will share in the economic status of both their parents”]).
 

 Further, the Legislature perceived that the existing system produced inconsistent, unpredictable and often seemingly arbitrary results, which undermined the parties’ confidence in the fairness of the process
 
 (see,
 
 1989 NY Legis Ann, at 248, citing Rep of NY Commn on Child Support, at 69). Consequently, the new statute sought to create greater uniformity, predictability and equity in fixing child support awards, while at the same time maintaining the degree of judicial discretion necessary to address unique circumstances (Letter of Assembly Sponsor Helene E. Weinstein to Governor Mario Cuomo, June 30,
 
 *653
 
 1989, Bill Jacket, L 1989, ch 567; Governor’s Program Bill Mem, Bill Jacket, L 1989, ch 567, at 5).
 

 As the statute directs, step one of the three-step method is the court’s calculation of "combined parental income” in accordance with Family Court Act § 413 (1) (b) (4)-(5) (see, Domestic Relations Law § 240 for analogous provisions). Second, the court multiplies that figure, up to $80,000, by a specified percentage
 
 [2]
 
 based upon the number of children in the household — 17% for one child — and then allocates that amount between the parents according to their share of the total income (Family Ct Act § 413 [1] [b] [3]; [c]).
 

 Third, where combined parental income exceeds $80,000— the situation at issue in this case — the statute provides that "the court shall determine the amount of child support for the amount of the combined parental income in excess of such dollar amount through consideration of the factors set forth in paragraph (f) of this subdivision and/or the child support percentage” (Family Ct Act § 413 [1] [c] [3]). The "paragraph (f)” factors include the financial resources of the parents and child, the health of the child and any special needs, the standard of living the child would have had if the marriage had not ended, tax consequences, nonmonetary contributions of the parents toward the child, the educational needs of the parents, the disparity in the parents’ incomes, the needs of other nonparty children receiving support from one of the parents, extraordinary expenses incurred in exercising visitation and any other factors the court determines are relevant (Family Ct Act § 413 [1] [f]).
 

 Whenever the basic child support obligation derived by application of the formula would be "unjust or inappropriate,” the court must consider the "paragraph (f)” factors. That is so whether parental income is above or below $80,000 (Family Ct Act § 413 [1] [b] [1]; [c] [2], [3]). If the formula is rejected, the statute directs that the court "set forth, in a written order, the factors it considered” — an unbending requirement that
 
 *654
 
 cannot be waived by either party or counsel (Family Ct Act §413 [1] [g]).
 

 The question now before us is whether the court must articulate a reason for its award of child support on parental income exceeding $80,000 when it chooses simply to apply the statutory percentage. Defendant urges not only that there must be a stated reason but also that the stated reason must relate to the needs of the child, much as under prior law.
 

 That question has generated uncertainty. Some courts have calculated child support awards simply by applying the statutory percentages to parental income over $80,000
 
 (see, e.g., De Bernardo v De Bernardo,
 
 180 AD2d 500, 502-503;
 
 Rosen v Rosen,
 
 NYU, Oct. 9, 1990, at 31, col 5;
 
 Brown v Brown,
 
 NYU, July 16, 1990, at 30, col 2;
 
 Steel v Steel,
 
 152 Misc 2d 880, 884). Others have rejected a "blind application” of the child support percentage to income over $80,000, requiring express findings as to the child’s actual needs
 
 (Harmon v Harmon,
 
 173 AD2d 98, 111 ["a child is not a partner in the marital relationship, entitled to a 'piece of the action’ ”];
 
 see also, Chasin v Chasin,
 
 182 AD2d 862, 863;
 
 Colley v Colley,
 
 200 AD2d 839, 841;
 
 Panossian v Panossian,
 
 201 AD2d 983;
 
 Slankard v Chahinian,
 
 204 AD2d 529, 531 [all reversing trial court as to child support]). The case law has even been read to limit the application of the percentages to income below $80,000
 
 (see,
 
 Florescue,
 
 Relocation of Custodial Parent,
 
 NYU, June 14, 1993, at 4, col 6).
 

 Obviously, determining what the Child Support Standards Act requires begins with the statute itself.
 

 Where combined parental income is less than $80,000 the statute plainly directs that the court apply the formula percentages (Family Ct Act § 413 [1] [c] [2]) — thus implementing the objectives of uniformity and predictability. Only where that amount would be "unjust or inappropriate” does the Act require the court to set forth reasons.
 

 As to combined parental income over $80,000, the statute explicitly affords an option: the court may apply the factors set forth in section 413 (1) (f)
 
 "and/or
 
 the child support percentage” (Family Ct Act § 413 [1] [c] [3];
 
 see also,
 
 1 Tippins, New York Matrimonial Law and Practice § 5A:20; Reichler and Lefcourt, NY St BJ,
 
 op. cit,
 
 at 40). Pertinent as well to income above $80,000 is the provision that the court may disregard the formula if "unjust or inappropriate” but in that event, must give its reasons in a formal written order, which cannot be waived by either party (Family Ct Act § 413 [1] [g]).
 

 
 *655
 
 The parties’ arguments for and against requiring an elaboration of reasons where the statutory percentage is applied to income exceeding $80,000 center on the term "and/or” — a term that has long irked grammarians
 
 (see, e.g.,
 
 Fowler, A Dictionary of Modern English Usage 29 [2d ed]). In that legislative purpose, not linguistic perfection, guides our determination, we must seek to give meaning to the term "and/or,” in the context of the statute’s over-all objective. Defendant’s insistence on an elaboration of needs-based reasons reads the word "or” out of the section and rolls back the calendar to pre-1989 law. In our view, "and/or” should be read to afford courts the discretion to apply the "paragraph (f)” factors, or to apply the statutory percentages, or to apply both in fixing the basic child support obligation on parental income over $80,000. That interpretation is consistent with the language of the section and with the objectives of the Child Support Standards Act.
 

 That conclusion does not, however, end our analysis. Given that the statute explicitly vests discretion in the court and that the exercise of discretion is subject to review for abuse, some record articulation of the reasons for the court’s choice to apply the percentage is necessary to facilitate that review
 
 (see,
 
 CPLR 4213 [b]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 4213:2, at 336 [meaningful review is futile if court does not state facts upon which its decision rests];
 
 see also,
 
 4 Weinstein-Korn-Miller, NY Civ Prac |f 4213.07 [court must provide the ultimate facts which support its conclusions of law "in order to enlighten the parties and to make more effective the review of judgments on appeal”]). The stated basis for an exercise of discretion to apply the formula to income over $80,000 should, in sum and substance, reflect both that the court has carefully considered the parties’ circumstances and that it has found no reason why there should be a departure from the prescribed percentage.
 

 In the present case, the Hearing Examiner conducted a two-day inquiry into the parties’ circumstances and set forth her findings in detail. The Appellate Division was satisfied, as are we, that there was sufficient record indication that no extraordinary circumstances were present, and application of the statutory 17% to the $19,214 income above $80,000 was therefore justified and not an abuse of discretion.
 

 Finally, we affirm as well the Appellate Division’s conclusion that the father is required to pay his pro rata share of
 
 *656
 
 the child’s unreimbursed medical expenses. The statute specifies that the court "shall prorate each parent’s share of future reasonable health care expenses of the child not covered by insurance” (Family Ct Act § 413 [1] [c] [5]). Defendant’s insistence that this order constitutes an impermissible open-ended obligation, as the Second Department earlier held
 
 (see, e.g., Chirk v Chirk,
 
 170 AD2d 641) is meritless in light of the Act.
 

 Accordingly, the order of the Appellate Division, insofar as appealed from, should be affirmed, with costs.
 

 Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order, insofar as appealed from, affirmed, with costs.
 

 [1]
 

 . The propriety of the award of private school costs was before Family Court and the Appellate Division, but is not before us on this appeal.
 

 [2]
 

 . The theory underlying the percentage-of-parental-income approach (rather than allocating the cost of providing for the child’s needs) is that expenses of children tend to vary according to parents’ income
 
 (see,
 
 2 New York Practice Guide, Domestic Relations § 31.03 [3] [a] [ii] [Sovronsky & Jorgensen ed 1995]). The actual percentages can be traced to a study of the typical portion of household income generally devoted to the child
 
 (see,
 
 Note, 56 Brook L Rev,
 
 op. cit.,
 
 at 1316-1319, citing Van der Gaag, On Measuring the Costs of Children, in III Child Support: Technical Papers [Institute for Research on Poverty, Special Rep Series No. SR32C]).