■ DENISE JONES, Appellant, v BRADLEY R. REESE, Respondent. [629 NYS2d 311] —Mikoll, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered May 12, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court article 4, to modify respondent's child support obligation.

The issue here is whether Family Court erred in limiting petitioner's request for child support in terms of documented need rather than in considering the standard of living of both parents.

Petitioner and respondent are parents of a son born to them out of wedlock. They have never cohabited together. Petitioner

and the child live in the City of Albany. Respondent is a physician who resides in Florida. Financial disclosure affidavits reveal that petitioner earned approximately $19,000 a year and respondent earned approximately $298,000 a year. The Hearing Examiner found that respondent is responsible for 93% of the child's needs and that there was a need to increase the child's standard of living and housing situation; respondent was ordered to pay $2,700 a month for child support in addition to all uninsured medical, dental, orthodontic, optical, pharmaceutical and psychological expenses of the child. Family Court reduced the amount to $1,787.46, finding that the child's needs as documented in the record by petitioner's affidavit were $1,922 per month and applied 93% to this amount in calculating respondent's share. In doing so Family Court, relying on *Chasin v Chasin* (182 AD2d 862, 863), found that the Child Support Standards Act (Family Ct Act § 413) should be applied to the parents' income in excess of $80,000 to the extent necessary to meet the child's actual needs.

Petitioner appeals, contending that Family Court erred in setting the child's support on terms of her means and thus foreclosing an upgrade of the child's housing standard. It is urged that the Child Support Standards Act does not merely attempt to provide for "costs" of caring for a child, or even the "needs" of a child but is grounded on the principle that the parents' income and their standard of living should be shared by the child.

In *Matter of Cassano v Cassano* (85 NY2d 649), the Court of Appeals addressed the issue posed in the instant case. It stated:

"As to combined parental income over $80,000, the statute explicitly affords an option: the court may apply the factors set forth in section 413 (1) (f) '*and/ or* the child support percentage' (Family Ct Act § 413 [1] [c] [3] * * *) * * * some record articulation of the reasons for the court's choice to apply the percentage is necessary to facilitate * * * review * * *. The stated basis for an exercise of discretion to apply the formula to income over $80,000 should, in sum and substance, reflect both that the court has carefully considered the parties' circumstances and that it has found no reason why there should be a departure from the prescribed percentage" *(supra,* at 654-655 [emphasis in original]).

The Hearing Examiner herein set child support at $2,700 a month considering the factors set out in Family Court Act § 413 (1). Family Court's reduction thereof in reliance on *Chasin v Chasin (supra)* is contraindicated in view of the *Cassano* decision. We would thus remit to Family Court for reconsidera-

tion of the petition in view of the Court of Appeals' expansive statement on the issue.

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the order is reversed on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.