■ SUSAN ZAREMBA, Respondent-Appellant, v JOSEPH ZAREMBA, Appellant-Respondent. [635 NYS2d 532] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Robbins, J.), entered March 17, 1993, which, after a nonjury trial, *inter alia,* (1) directed him to pay the plaintiff wife maintenance in the amount of $2,000 per month for a period of nine years, (2) directed him to pay child support in the amount of $3,097 per month, and (3) awarded the wife a money judgment of $69,043 insofar as it included an award for necessaries, and the plaintiff wife cross-appeals from so much of the same judgment as awarded her a money judgment in the amount of only $69,043.

Ordered that the matter is remitted to the Supreme Court, Nassau County, to set forth the factors considered and the reasons for its determination as to child support, and the appeal is held in abeyance in the interim. The Supreme Court, Nassau County, is to file its report with all convenient speed.

In calculating the amount of the child support award, pursuant to the provisions of the Child Support Standards Act *(see,* Family Ct Act § 413; Domestic Relations Law § 240), the Supreme Court, Nassau County, opted to apply the child support percentage (in this case 25%) to the combined parental income over $80,000. While the statute explicitly vests discretion in the court to apply the stated percentage to income over $80,000, rather than apply the factors set forth in Family Court Act § 413 (1) (f), there must be some "record articulation of the reasons for the court's choice * * * to facilitate * * * review" *(Matter of Cassano v Cassano,* 85 NY2d 649, 655). Inasmuch as the record is bereft of the court's reasons for its choice, we find it appropriate to remit the matter to the Supreme Court, Nassau County, to enable it to set forth the factors it considered and the reasons for its determination *(see, Jones v Reese,* 217 AD2d 783).

No other issues are reached at this juncture. Thompson, J. P., Joy, Goldstein and Florio, JJ., concur.