In the Matter of GABRIELE SCHMITT, Respondent, v LAWRENCE N. BERWITZ, Appellant. [644 NYS2d 760]

Since the order dated October 13, 1993, directs a remittal to the Hearing Examiner for further consideration, it is not a dispositional order of the Family Court subject to appeal as of right *(see,* Family Ct Act § 1112). Further, we note that the Hearing Examiner was without jurisdiction to determine a motion to renew and reargue *(see,* Family Ct Act § 439).

Family Court Act § 413 (1) (c) (3) provides that to determine the amount of the basic child support obligation where the combined parental income exceeds $80,000, "the court shall determine the amount of child support for the amount of the combined parental income in excess of such dollar amount through consideration of the factors set forth in paragraph (f) of this subdivision and/or the child support percentage". Family Court Act § 413 (1) (f) (10) provides that "[u]nless the court finds that the non-custodial parents' pro-rata share of the basic child support obligation is unjust or inappropriate" upon considering, *inter alia,* the financial resources of the custodial and noncustodial parent, the needs of the children, the physical and emotional health of the children and their special needs and aptitudes, and a determination that the gross income of one parent is substantially less than the other parent's gross income, "the court shall order the non-custodial parent to pay his or her prorata share of the basic child support obligation" as determined under the percentages set forth in Family Court Act § 413 (1) (c).

In Matter of *Cassano v Cassano* (85 NY2d 649), the Court of Appeals held that the "and/or" language in Family Court Act § 413 (1) (c) (3) "should be read to afford the courts the discretion to apply the paragraph (f) factors, or to apply the statutory percentages, or to apply both in fixing the basic child support obligation on parental income over $80,000" *(Matter of Cassano v Cassano, supra,* at 655). However, even when the court applies the statutory formula to income of $80,000, the hearing court must articulate its reason or reasons for doing so, which should reflect a careful consideration of the stated basis for its exercise of discretion, the parties' circumstances, and its reasoning why there should not be a departure from the prescribed percentage *(see, Matter of Cassano v Cassano, supra).*

In the initial order, the Hearing Examiner articulated reasons, based, in part, upon the evidence of the actual needs of the children, for her determination that the basic child support percentage would not be applied, and determined that the husband should pay a lesser amount. In particular, the Hearing Examiner noted that the lesser amount was a fair and ap-

propriate result in light of the evidence. Apparently unwilling to pay that amount, the father objected to the Hearing Examiner's order. The Family Court remitted the matter, directing the Hearing Examiner to apply the strict formula set forth in Family Court Act § 413 (1) (c), or articulate further reasons for the departure from the prescribed percentages.

Rather than articulate further reasons for the departure, the Hearing Examiner simply applied the statutory formula, stating that, based upon the trial evidence, the application of the formula, which imposed a much higher support obligation upon the father, was appropriate. In any event, the Hearing Examiner noted, the father had failed to show that the new support amount was unfair. The Hearing Examiner's finding in the second order that the higher amount was fair based upon the evidence, directly contradicted the determination in the first order that the lesser amount, based upon the same evidence, was fair and appropriate.

Contrary to the husband's contention, the Hearing Examiner was not required to make an award based solely upon the evidence of the actual needs of the children (see, Family Ct Act § 413 [1] [f]). It is clear that although the Hearing Examiner did not articulate all of her reasoning in the first determination, she considered not only the actual needs of the children, but also the other factors set forth in Family Court Act § 413 (1) (f). While the Hearing Examiner may very well have been correct in her determination that the husband should pay a lesser support obligation than he would if the strict formula was applied, she must articulate further reasons for that determination as required by Family Court Act § 413 (1) (f), and as originally requested by the Family Court in its October 13, 1993 order. Thompson, J. P., Joy, Hart and Florio, JJ., concur.