■ MARY E. FREI, Respondent, v LEWIS PEARSON, Appellant. [664 NYS2d 349] —In an action for a divorce and ancillary relief, the defendant husband appeals (1) from the findings of fact and conclusions of law of the Supreme Court, Westchester County (Nicolai, J.), entered October 18, 1996, and (2), as limited by his notice of appeal and brief, from stated portions of a judgment of the same court, entered October 18, 1996, which, after a nonjury trial, *inter alia,* (a) awarded the plaintiff wife $1,400 per month as maintenance, commencing March 8, 1995, and continuing through December 31, 2000, and $500 per month for six years thereafter, (b) directed the defendant husband to pay the plaintiff $2,417 per month as child support

for the parties' three children, (c) directed the defendant husband to pay all of the college expenses of the parties' eldest child, (d) permitted the defendant husband to claim only the eldest child as a dependent for income tax purposes, and (e) directed the defendant husband to pay all of the parties' marital debt.

Ordered that the appeal from the findings of fact and conclusions of law is dismissed, as findings of fact and conclusions of law are not independently appealable (*see, Matter of County of Westchester v O'Neill,* 191 AD2d 556; *Benedetto v O'Grady,* 10 AD2d 628); and it is further,

Ordered that the judgment is modified, on the law and as a matter of discretion, by (1) deleting the 10th through the 19th decretal paragraphs; (2) deleting the twentieth decretal paragraph thereof and substituting therefor a provision that the defendant husband is authorized to declare all three of the parties' children as dependents for State and Federal income tax purposes and that the plaintiff wife shall execute the necessary forms in connection therewith, and (3) adding a provision thereto that the defendant husband pay the future reasonable health care expenses of the parties' children, by direct payment to the health care provider until the children are emancipated, in the same proportion that the defendant's income is to the combined parental income; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of the defendant husband's child support obligation, as well as the defendant husband's obligation for educational expenses for the parties' eldest child, in accordance herewith; and it is further,

Ordered that pending the new determination, on the issues of child support, the defendant former husband shall pay child support in the amount of $1,488 per month.

It was error to apply the statutory child support percentage, here 29%, to the first $100,000 of the father's income without consideration of the statutory deductions of New York City tax, FICA contributions and payment of spousal maintenance (*see,* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C], [G], [H]; *see also, LaBombardi v LaBombardi,* 220 AD2d 642, 643; *Glazer v Glazer,* 190 AD2d 951, 954) and therefore the matter is remitted for a new determination of child support. In recalculating the child support award, the trial court should reduce the defendant's gross income by the amount of New York City taxes and FICA taxes paid. Additionally, the court should reduce the husband's income by the amount of maintenance paid to the

wife, prior to determining the husband's child support obligation, and direct a concomitant increase in the child support obligation upon the termination of the maintenance obligation (*see, Lekutanaj v Lekutanaj,* 234 AD2d 429; *Polychronopoulos v Polychronopoulos,* 226 AD2d 354, 356).

Further, the trial court failed to set forth the basis for applying the child support percentage to the parental income in excess of $80,000. While the statute explicitly vests discretion in the court to apply the stated percentage to income over $80,000, rather than apply the factors set forth in Domestic Relations Law § 240 (1-b) (f), the exercise of discretion is subject to review for abuse, and "some record articulation of the reasons for the court's choice to apply the percentage is necessary to facilitate that review" (*Matter of Cassano v Cassano,* 85 NY2d 649, 655). Insofar as the record here is bereft of the court's reasons for its choice to apply the statutory percentage to the combined parental income over $80,000, the matter is remitted to the trial court to set forth the factors it considered and the reasons for its determination (*see, Matter of Cassano v Cassano, supra; Junkins v Junkins,* 238 AD2d 480; *Pauk v Pauk,* 232 AD2d 386; *Zaremba v Zaremba,* 222 AD2d 500; *see also, Manno v Manno,* 224 AD2d 395, 397; *Jones v Reese,* 217 AD2d 783, 784).

Furthermore, in determining the basic child support obligations, the trial court was obligated to " 'prorate each parent's share of future reasonable [health care] expenses of the [children] not covered by insurance in the same proportion as each parent's income is to the combined parental income' " (*Wilson v Wilson,* 203 AD2d 558, 559; Domestic Relations Law § 240 [1-b] [c] [5]). Accordingly, the judgment is modified to include this provision.

The trial court improvidently exercised its discretion in directing the husband to pay all of the college expenses for the parties' eldest son. Using the figures utilized by the trial court, the child support and maintenance obligations imposed upon the husband consume more than half of his take-home pay. It is clear that the husband, upon payment of the child support and maintenance awarded by the court, would not be financially able to pay educational expenses in the amount awarded (*see, Manno v Manno, supra,* at 492; *Romansoff v Romansoff,* 167 AD2d 527, 528; *Jackson v Jackson,* 138 AD2d 455). Upon remittitur, in making an award for educational or college expenses, the need of a parent to maintain a separate household and have money to live on after child support and maintenance payments are made must be taken into account (*see, Manno v*

*Manno, supra,* at 492; *Hirschman v Hirschman,* 156 AD2d 644, 645; *Keehn v Keehn,* 137 AD2d 493, 495; *Matter of Flanter v Flanter,* 123 AD2d 626, 627).

In addition, under the circumstances of this case, the husband should be authorized to declare all three of the parties' children as his dependents for income tax purposes (*see, Litwack v Litwack,* 237 AD2d 580; *Burns v Burns,* 193 AD2d 1104, 1105, *mod on other grounds* 84 NY2d 369; *Ochoa v Ochoa,* 159 AD2d 285).

The court did not improvidently exercise its discretion in determining the amount and duration of maintenance (*see, Constantino v Constantino,* 225 AD2d 651, 652; *Matter of Kornfeld v Kornfeld,* 224 AD2d 620; *Gulotta v Gulotta,* 215 AD2d 724, 725; *Feldman v Feldman,* 194 AD2d 207, 217-218; *Loeb v Loeb,* 186 AD2d 174, 175).

We have considered the husband's remaining contentions and find them to be without merit. Copertino, J. P., Sullivan, Friedmann and Luciano, JJ., concur.