■ ANNE M. HOHLWECK, Respondent, v THOMAS W. HOHLWECK, JR., Appellant. [707 NYS2d 461] —In a matrimonial action in which the parties were previously divorced, the defendant former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Shapiro, J.), entered February 5, 1999, as granted the motion of the plaintiff former wife to set the amount of child support to be paid by the defendant former husband and directed him to pay child support in the amount of $2,333 per month commencing April 1, 1999.

Ordered that the matter is remitted to the Supreme Court, Westchester County, to set forth the factors considered and the reasons for its determination as to child support, and the appeal is held in abeyance in the interim. The Supreme Court, Westchester County, is to file its report with all convenient speed.

Domestic Relations Law § 240 (1-b) (c) (3) gives the court discretion to apply the stated child support percentage to income over $80,000 or apply the factors set forth in Domestic Relations Law § 240 (1-b) (f). In addition, the parties stipulated to a formula for determining child support when the original

child support agreement expired. However, to facilitate review, there must be some "articulation of the reasons for the court's choice" (*Matter of Cassano v Cassano,* 85 NY2d 649, 655). Inasmuch as the record is bereft of the court's reasons for directing child support in the amount stated, or the method it used to arrive at that amount, the court must set forth its reasons for its determination (*see, Groh v Groh,* 248 AD2d 354; *Junkins v Junkins,* 238 AD2d 480, 481; *Zaremba v Zaremba,* 222 AD2d 500). Mangano, P. J., Bracken, McGinity and Luciano, JJ., concur.