▬ TIMOTHY B. HOWARD, Respondent, v CATHERINE F. HOWARD, Appellant. [716 NYS2d 517] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in denying that part of defendant's motion seeking maintenance without conducting a hearing. Although the parties provided relevant financial information, a hearing is required to determine, *inter alia,* the pre-separation standard of living and economic needs of defendant (*see, Hartog v Hartog,* 85 NY2d 36, 52). The court further erred in determining plaintiff's child support obligation based on a combined parental income of $80,000 without conducting a hearing on the issue whether the court should apply the statutory percentage in the Child Support Standards Act (Domestic Relations Law § 240 [1-b]) to the combined parental income over $80,000. A hearing is required where, as here, the court based its determination not to apply the statutory percentage on factors that are not attributable to financial information alone, including the premarital standard of living and non-monetary contributions of the parties (*see, Cassano v Cassano,* 85 NY2d 649, 655). We therefore modify the order by vacating those portions denying that part of defendant's motion seeking maintenance and determining plaintiff's child support obligation, and we remit the matter to

Supreme Court before a different Justice for a hearing on those issues. (Appeal from Order of Supreme Court, Erie County, O'Donnell, J.—Matrimonial.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.