■ JOHN D. WAGNER, Respondent-Appellant, v CAROL DUNETZ, Appellant-Respondent. [744 NYS2d 344] —In an action

for a divorce and ancillary relief, the defendant appeals from stated portions of (1) an order of the Supreme Court, Nassau County (Mahon, J.), dated March 13, 2000, (2) an order of the same court dated June 13, 2000, and (3) a judgment of the same court, entered February 1, 2001, which, after a nonjury trial, inter alia, (a) awarded her child support as of only May 11, 1998, (b) awarded the plaintiff $70,500, representing 50% of the value of her interest in her private medical practice, (c) awarded the plaintiff 50% of the value of her residence, and (d) determined that all liquid assets, however titled, acquired by either or both spouses from January 1, 1986, through December 15, 1995, constitute marital assets to be divided equally by the parties, and that the liquid assets and the former marital residence shall be valued from December 15, 1995, until March 13, 2000, and the plaintiff cross-appeals from stated portions of the orders and the judgment, which, inter alia, failed to set forth the factors considered with respect to child support obligations on combined income in excess of $80,000, and determined that all liquid assets separately held by the parties are to be valued as of March 13, 2000.

Ordered that the matter is remitted to the Supreme Court, Nassau County, to set forth the factors considered and the reasons for its determination to apply the statutory formula of the Child Support Standards Act to the combined parental income over $80,000, and the appeal is held in abeyance in the interim. The Supreme Court, Nassau County, shall file its report forthwith, and in no case later than July 17, 2002.

The Supreme Court is required to set forth the factors it considered with respect to the parties' child support obligations on combined income in excess of $80,000, and the reasons for its determination (*see Matter of Cassano v Cassano,* 85 NY2d 649, 653; *Hohlweck v Hohlweck,* 271 AD2d 571, 572; *Gruttadauria v Catapano,* 250 AD2d 681). Inasmuch as the Supreme Court failed to do so, we remit the matter to enable it to set forth the basis for its determination.

We reach no other issues at this juncture. Prudenti, P.J., Luciano, Townes and Crane, JJ., concur.