■ JOHN D. WAGNER, Respondent-Appellant, v CAROL DU-NETZ, Appellant-Respondent. [749 NYS2d 545] —In an action for a divorce and ancillary relief, the defendant appeals from stated portions of (1) an order of the Supreme Court, Nassau County (Mahon, J.), dated March 13, 2000, which, inter alia, determined issues regarding the equitable distribution of the parties' assets and child support, (2) an order of the same court, dated June 13, 2000, which, inter alia, amended the order dated March 13, 2000, and (3) a judgment of the same court, entered February 1, 2001, which, after a nonjury trial, inter alia, (a) awarded her child support as of only May 11, 1998, (b) awarded the plaintiff $70,500, representing 50% of the value of her interest in her private medical practice, (c) awarded the plaintiff 50% of the value of her residence, and (d) determined that all liquid assets, however titled, acquired by either or both spouses from January 1, 1986, through December 15, 1995, constitute marital assets to be divided equally by the parties, and the plaintiff cross-appeals from stated portions of the orders and the judgment, which, inter alia, failed to set forth the factors considered with respect to child support obligations on combined income in excess of $80,000, and determined that all liquid assets separately held by the parties are to be valued as of March 13, 2000. By decision and order dated June 17,

2002, this Court remitted the matter to the Supreme Court, Nassau County, to set forth the factors considered and the reasons for its determination to apply the statutory formula of the Child Support Standards Act to the combined parental income over $80,000, and the appeal was held in abeyance in the interim (see Wagner v Dunetz, 295 AD2d 501). The report of the Supreme Court, Nassau County, has been filed.

Ordered that the appeals and cross appeals from the orders are dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by (1) deleting the provision thereof awarding child support to the defendant as of May 11, 1998, and substituting therefor a provision awarding child support retroactive to October 4, 1996, with credit to the plaintiff for any temporary child support paid, (2) deleting the provision thereof awarding the plaintiff $70,500, representing 50% of the value of the defendant's interest in the private medical practice, and substituting therefor a provision awarding the plaintiff $35,250, representing 25% of the value of the defendant's interest in the private medical practice, (3) deleting the provision thereof awarding the plaintiff 50% of the value of the defendant's residence, (4) deleting the provision thereof which established January 1, 1986, as the commencement date for determining what constitutes marital assets, and substituting therefor a provision establishing November 18, 1981, as the commencement date for determining what constitutes marital assets, and (5) deleting the provision thereof apportioning liability for child support based upon income in excess of $80,000; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of the plaintiff's child support obligation to the extent that the award is based on combined income in excess of $80,000 in accordance herewith, and the entry of an appropriate amended judgment.

The appeals and cross appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals and cross appeals from the orders are brought up for review and have been considered on the appeal and cross appeal from the judgment (see CPLR 5501 [a] [1]).

The parties were licensed physicians at the time of their marriage on November 18, 1981. The plaintiff husband was

board certified in internal medicine, and became certified in nephrology in 1984, and the defendant wife became board certified in obstetrics and gynecology in 1985. In 1986, the parties bought a house and moved to Long Island. They eventually had two children, and the defendant became a partner in a private medical practice while the plaintiff was on the staff of Long Island Jewish Hospital. Throughout this time, the defendant consistently earned approximately twice as much money as the plaintiff. Following the commencement of this action for a divorce and ancillary relief on December 15, 1995, the defendant purchased a separate residence using marital funds, and moved there with the two children.

Based on the length of the marriage, the Supreme Court properly divided the parties' liquid assets equally, including pension and retirement funds (see Majauskas v Majauskas, 61 NY2d 481, 485-486; Imhof v Imhof, 259 AD2d 666; Rizzuto v Rizzuto, 250 AD2d 829; Holihan v Holihan, 159 AD2d 685; Ahrend v Ahrend, 123 AD2d 731). However, the Supreme Court should have determined that the date for establishing whether property was a marital asset was the date of the marriage, November 18, 1981 (see Domestic Relations Law § 236 [B] [1] [c]).

The Supreme Court correctly found that neither party made significant direct or indirect contributions to the acquisition of the other party's professional certification and, on that basis, concluded that neither party was entitled to any distribution of the enhanced earning capacity of the other spouse (see McSparron v McSparron, 87 NY2d 275, 286; O'Brien v O'Brien, 66 NY2d 576; Vora v Vora, 268 AD2d 470; Vainchenker v Vainchenker, 242 AD2d 620, 621).

The Supreme Court also correctly declined to discount the value of the defendant's interest in her private medical practice based on lack of marketability since such a discount should only be applied to that portion of the value of the corporation that is attributable to good will (see Matter of Whalen v Whalen's Moving & Stor. Co., 234 AD2d 552). However, where the plaintiff continued his own career and made only indirect contributions to the defendant's practice, the award to the plaintiff of 50% of the value of the defendant's interest in the private medical practice should be reduced to 25% (see Granade-Bastuck v Bastuck, 249 AD2d 444; Morrongiello v Paulsen, 195 AD2d 594; Bugliari v Bugliari, 169 AD2d 697).

The Supreme Court incorrectly awarded the plaintiff 50% of the value of the defendant's residence purchased with marital funds since the award is a duplicate distribution of those funds

(*see Annis v Annis,* 147 AD2d 668). However, the Supreme Court's determination not to award prejudgment interest on those funds was an appropriate exercise of discretion (*see* CPLR 5001 [a]; *Litman v Litman,* 280 AD2d 520; *Verdrager v Verdrager,* 230 AD2d 786, 787).

Child support should have been awarded retroactive to October 4, 1996, the date of the defendant's application therefor. The plaintiff is entitled to a credit for any amount of temporary child support which has been paid since that date (*see* Domestic Relations Law § 236 [B] [7] [a]; *Burns v Burns,* 84 NY2d 369, 377; *Harrison v Harrison,* 255 AD2d 490). The defendant is not entitled to reimbursement for medical expenses, private school tuition, and child care retroactive to that date (*see* Domestic Relations Law § 240 [1-b] [c] [5], [7]).

Pursuant to the decision and order of this Court dated June 17, 2002, this appeal was held in abeyance and the matter was remitted to the Supreme Court, Nassau County, to set forth in a report the factors it considered and the reasons for its determination to apply the statutory formula of the Child Support Standards Act to the combined parental income over $80,000 (*see Wagner v Dunetz,* 295 AD2d 501). The Supreme Court has reported that it relied entirely upon a stipulation of the parties placed upon the record by one of the attorneys. The stipulation provided only that "the child support to be paid from this point on shall be paid pursuant to the Child Support Standards Act formula as set forth in the statute." The stipulation did not expressly address parental income over $80,000, and did not give any reason for application of the statutory percentage to such income.

Domestic Relations Law § 240 (1-b) (c) (2) provides that the combined parental income up to $80,000 must be multiplied by the appropriate child support percentage. Where combined parental income exceeds $80,000, the statute requires the court to determine the amount of child support for the income in excess of that amount "through consideration of the factors set forth in paragraph (f) * * * and/or the child support percentage" (Domestic Relations Law § 240 [1-b] [c] [3]). The Court of Appeals has held that the "and/or" language in the statute affords the court discretion to apply the paragraph (f) factors, or to apply the statutory percentages, or to apply both (*Matter of Cassano v Cassano,* 85 NY2d 649, 655), but in any event, "the hearing court must articulate its reason or reasons for doing so, which should reflect a careful consideration of the stated basis for its exercise of discretion, the parties' circumstances, and its reasoning why there should not be a departure from

the prescribed percentage" (*Schmitt v Berwitz,* 228 AD2d 604, 605; *see Matter of Cassano v Cassano, supra*; *Manno v Manno,* 224 AD2d 395). Here, it is by no means clear that the parties intended to apply the statutory formula to their income in excess of $80,000, but in the event that was their intent, no reasons were given in the stipulation in support of such application. The Supreme Court apparently concluded that the parties did intend to apply the formula to their income in excess of $80,000, and simply adopted their blind application of the statutory formula (*see Matter of Niagara County Dept. of Social Servs. [D.A.H.] v C.B.,* 234 AD2d 897). *Matter of Cassano v Cassano* (*supra*) requires the Supreme Court to provide "some record articulation" of the reasons for applying the statutory formula to income over $80,000 "in order to facilitate appellate review" (*Matter of Niagara County Dept. of Social Servs. [D.A.H.] v C.B.,* 234 AD2d 897, 899). Since the Supreme Court was not able to articulate a proper basis for its application of the statutory formula to income in excess of $80,000, the judgment must be modified to delete that provision and the matter must be remitted to the Supreme Court for a new determination of child support to the extent that the award is based on combined income in excess of $80,000, based upon the record and in accordance herewith.

The parties' remaining contentions are without merit. Prudenti, P.J., Luciano, Townes and Crane, JJ., concur.