■ In the Matter of SUSAN WIENANDS, Appellant, v WAYNE HEDLUND, Respondent. [762 NYS2d 90] —In a support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (Dounias, J.), entered April 15, 2002, which denied her objections to an order of the same court (Livrieri, H.E.), dated December 14, 2001, which, after a hearing, increased the father's child support obligation from the sum of $147 per week to the sum of only $194.98 per week.

Ordered that the order entered April 15, 2002, is reversed, on the law, with costs, the objections are sustained, the order dated December 14, 2001, is vacated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings in accordance herewith.

The father was paying child support and child care expenses for the parties' son in respective weekly amounts of $147 and $20 pursuant to a previous support order. The mother objected, on the ground of inadequacy, to a subsequent proposed cost-of-living adjustment order issued by the Support Collection Unit, which would have increased the father's weekly child support to the sum of only $165. A hearing was then held before a Hearing Examiner to determine if a deviation from the statutory percentage set forth in the Child Support Standards Act (hereinafter the CSSA) for combined parental income over $80,000 was warranted. At the conclusion of the hearing, the hearing court issued findings of fact and determined that it would be unjust and inappropriate to apply the statutory percentage of 17% to the combined parental income exceeding $80,000. Instead, the hearing court determined that the appropriate percentage was 7%, and directed that the father's child support obligation be increased to $194.98 per week. The mother objected to the hearing court's findings of fact, inter alia, on the ground that it failed to explain the reasons for deviating from the CSSA's standard treatment for combined parental income above $80,000. The Family Court denied the mother's objections.

A hearing court is not bound to apply the statutory percentage as established in Family Court Act § 413 (1) (c) (3) but may determine the child support obligation through the application of the percentage set forth in Family Court Act § 413 (1) (c) (3), the factors as delineated in Family Court Act § 413 (1) (f), or a combination of both (*see Matter of Cassano v Cassano,* 85 NY2d 649 [1995]; *Matter of Schmitt v Berwitz,* 228 AD2d 604 [1996]). Further, "the hearing court must articulate its reason or reasons for [its actions], which should reflect a careful consideration of the stated basis for its exercise of discretion, the parties' circumstances, and its reasoning why there [should or] should not be a departure from the prescribed percentage" (*Wagner v Dunetz,* 299 AD2d 347, 350-351 [2002] [internal quotation marks omitted]; *see Matter of Cassano v Cassano, supra*; *Matter of Schmitt v Berwitz, supra*). Here, the reasons articulated for deviating from the statutory percentage were insufficient to support the amount of child support established by the hearing court, and were not sustained by a review of the record. A more substantial increase in the amount of child support, in accordance with the CSSA, was warranted. Accordingly, the matter is remitted to the Family Court, Suffolk County, for further proceedings in accordance herewith. Smith, J.P., McGinity, Townes and Cozier, JJ., concur.