■ EILEEN ROSENBERG, Respondent, v HAROLD ROSENBERG, Appellant. [856 NYS2d 882]—In an action for a divorce and ancillary relief, the husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Krauss, J.), dated September 20, 2006, as, upon reargument of that branch of the wife's motion which was for pendente lite child support, applied the Child Support Standards Act to the combined parental income in excess of $80,000 and directed him to pay the wife pendente lite child support in the sum of $11,411 per month.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the husband's contention on appeal, there is sufficient indication in the record that application of the statutory percentage in the Child Support Standards Act (hereinafter CSSA) to parental income over $80,000 was justified (*see Matter of Cassano v Cassano,* 85 NY2d 649 [1995]; *Kaplan v Kaplan,* 21 AD3d 993 [2005]). The Supreme Court clearly set forth a detailed and thorough analysis of the factors enumerated in Domestic Relations Law § 240 (1-b) (f) justifying its decision to apply the CSSA statutory percentage to the husband's income over $80,000 for purposes of calculating child support. Mastro, J.P., Skelos, Florio and Dickerson, JJ., concur.