■ Silvia S. Yildiz, Respondent, v Middat Yildiz, Appellant. [875 NYS2d 919]—In an action for a divorce and ancillary relief, the defendant appeals, by permission, as limited by his brief, from stated portions of an order of the Supreme Court, Queens County (Strauss, J.), dated September 25, 2007, which, upon a decision of the same court dated December 5, 2006, inter alia, directed him to pay child support in the sum of $295.92 per week, retroactive to the date of commencement of the action.

Ordered that the order is modified, on the law, (1) by deleting the sum of "$295.92" from the second decretal paragraph, and substituting therefor the sum of "$194.85," and (2) by deleting the third, fourth, fifth, sixth, and seventh decretal paragraphs thereof; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a calculation of child support arrears which the defendant is obligated to pay, in accordance herewith.

Under the circumstances presented, given the respective financial resources of the parties, it was inappropriate to calculate the father's child support obligation based upon combined parental income in excess of $80,000 (see Domestic Relations Law § 240 [1-b] [f], [g]; Matter of Cassano v Cassano, 85 NY2d 649, 653 [1995]; Matter of Awwad v Awwad, 295 AD2d 603, 604 [2002]). Based upon the parties' gross income figures

for the relevant years, as found by the Supreme Court, making the appropriate deductions, inter alia, for FICA (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [G], [H]), multiplying the child support percentage of 17% on the combined parental income up to $80,000, and prorating the resulting amount, the father's child support obligation should be $194.85 per week. In light of our determination, the matter must be remitted to the Supreme Court, Queens County, for a calculation of child support arrears.

The defendant's remaining contentions are without merit. Spolzino, J.P., Florio, Miller and Eng, JJ., concur.