In a proceeding pursuant to Family Court Act article 5-B, the father appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (Edlitz, J.), dated September 24, 2008, as, in effect, denied his objections to an order of the same court (Krahulik, S.M.) entered June 20, 2008, which, after a hearing, inter alia, directed him to pay 50% of the child’s regular monthly expenses.
*683 Ordered that the order is affirmed insofar as appealed from, with costs.
The Family Court, inter alia, properly, in effect, denied the father’s objections to the order of the Support Magistrate, which departed from the numerical guidelines of the Child Support Standards Act (Domestic Relations Law § 240 [1-b] ; see Family Ct Act § 413) and directed him to pay 50% of the child’s regular monthly expenses. A hearing court is not bound to apply the statutory percentage established in Family Court Act § 413 (1) (c), but may determine the child support obligation through the application of the percentage set forth in Family Court Act § 413 (1) (c), the factors delineated in Family Court Act § 413 (1) (f), or a combination of both (see Matter of Cassano v Cassano, 85 NY2d 649 [1995]; Matter of Schmitt v Berwitz, 228 AD2d 604, 605 [1996]). Here, the Family Court providently exercised its discretion in departing from the prescribed percentage (see Family Ct Act § 413 [1] [f]; see Matter of Taraskas v Rizzuto, 38 AD3d 910 [2007]; cf. Matter of Wienands v Hedlund, 305 AD2d 692, 693 [2003]). Dillon, J.P., Eng, Belen and Hall, JJ., concur.