In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Putnam County (Nicolai, J.), dated May 4, 2011, which, inter alia, upon a decision of the same *858 court dated March 13, 2011, made after a nonjury trial, directed the defendant to pay child support in the sum of only $321.10 per week, failed to award her arrears for pendente lite child support, directed that the former marital residence be listed for immediate sale or that the plaintiff be permitted to “buy out” the defendant’s interest, directed that the plaintiff is solely responsible for that part of the balance of a home equity line of credit that exceeds $34,000, and directed the equitable distribution of the parties’ retirement accounts.
Ordered that the matter is remitted to the Supreme Court, Putnam County, for the Supreme Court to set forth in a report the factors considered and the reasons for its determination as to child support, and the appeal is held in abeyance in the interim. The Supreme Court, Putnam County, is to file its report with all convenient speed.
The Child Support Standards Act (see Domestic Relations Law § 240 [1-b]) sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to the statutory cap that is in effect at the time of the judgment (see Holterman v Holterman, 3 NY3d 1, 11 [2004]; Matter of Cassano v Cassano, 85 NY2d 649, 653-654 [1995]), here, $130,000 (see Social Services Law § 111-i [2] [b]). With respect to combined parental income exceeding that amount, the court has the discretion to apply the statutory child support percentage, or to apply the factors set forth in Domestic Relations Law § 240 (1-b) (f) (see Matter of Cassano v Cassano, 85 NY2d at 654; Matter of Byrne v Byrne, 46 AD3d 812, 814 [2007]), or to utilize “some combination of th[ose] two” methods (Poli v Poli, 286 AD2d 720, 723 [2001]; see Jordan v Jordan, 8 AD3d 444, 445 [2004]). The hearing court must “ ‘articulate its reason or reasons for [that determination], which should reflect a careful consideration of the stated basis for its exercise of discretion, the parties’ circumstances, and its reasoning why there [should or] should not be a departure from the prescribed percentage’ ” (Wagner v Dunetz, 299 AD2d 347, 350-351 [2002], quoting Matter of Schmitt v Berwitz, 228 AD2d 604, 605 [1996]; see Matter of Cassano v Cassano, 85 NY2d at 655; Matter of Wienands v Hedlund, 305 AD2d 692, 693 [2003]). Inasmuch as the record before us does not reveal the Supreme Court’s reasons for its choice not to include income above the statutory cap, it is appropriate to remit the matter to enable the Supreme Court to set forth the factors it considered and the reasons for its determination (see Hohlweck v Hohlweck, 271 AD2d 571 [2000]; Zaremba v Zaremba, 222 AD2d 500 [1995]; Jones v Reese, 217 AD2d 783 [1995]).
*859 We reach no other issues at this juncture. Rivera, J.P., Balkin, Leventhal and Hinds-Radix, JJ., concur.