■ CARMELA M. SCHACK, Appellant, v WAYNE P. SCHACK, Respondent. [13 NYS3d 89]—

Appeal from stated portions of a judgment of divorce of the Supreme Court, Suffolk County (Daniel Martin, J.), entered March 14, 2012. The judgment, inter alia, equally apportioned certain marital debt and directed that the defendant's monthly payments to the plaintiff for maintenance and child support be made retroactive only to February 1, 2012.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof directing the defendant to pay maintenance for five years commencing on February 1, 2012, and substituting therefor a provision directing the defendant to pay maintenance retroactive to December 28, 2007, and until the parties' youngest child, born March 31, 1997, attains the age of 21 years or is sooner emancipated, (2) by deleting the provision thereof awarding child support, and (3) by deleting the provision thereof awarding the plaintiff the sum of $66,395 for her equitable share of the appreciation of the defendant's convenience stores, and substituting therefor a provision awarding the plaintiff the sum of $132,790 for her equitable share of the appreciation of the defendant's convenience stores; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the matter is remitted to the Supreme Court, Suffolk County, for a new determination of the amount of the defendant's child support obligation, which shall be made retroactive to December 28, 2007, and for calculation of child sup-

port and maintenance arrears based on that date, taking into account the actual amount, if any, of mortgage and carrying charges paid by the defendant, and taking into account any maintenance and child support, if any, paid by the defendant during the pendency of the action, and for the entry of an appropriate amended judgment thereafter.

The Supreme Court did not improvidently exercise its discretion in determining that the plaintiff is liable for one half of the parties' tax obligation arising out of the failure to pay proper income taxes during their marriage (*see Cooper v Cooper*, 84 AD3d 854, 857 [2011]; *Conway v Conway*, 29 AD3d 725, 725-726 [2006]). Similarly, the court properly concluded that the plaintiff is liable for one half of the parties' marital credit card debt (*see* Domestic Relations Law § 236 [B] [5] [d]).

However, in awarding the plaintiff $3,100 per month in child support, the Supreme Court failed to articulate its reason or reasons for using half of the normal percentage applicable to combined parental income over $130,000. The Child Support Standards Act (*see* Domestic Relations Law § 240 [1-b]) sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to the statutory cap that is in effect at the time of the judgment (*see Holterman v Holterman*, 3 NY3d 1, 11 [2004]; *Matter of Cassano v Cassano*, 85 NY2d 649, 653-654 [1995]), here, $130,000 (*see* Social Services Law § 111-i [2] [b]). With respect to combined parental income exceeding that amount, the court has the discretion to apply the statutory child support percentage, to apply the factors set forth in Domestic Relations Law § 240 (1-b) (f) (*see Matter of Cassano v Cassano*, 85 NY2d at 654; *Matter of Byrne v Byrne*, 46 AD3d 812, 814 [2007]), or to utilize "some combination of th[ose] two" methods (*Poli v Poli*, 286 AD2d 720, 723 [2001]; *see Jordan v Jordan*, 8 AD3d 444, 445 [2004]). The hearing court must " 'articulate its reason or reasons for [that determination], which should reflect a careful consideration of the stated basis for its exercise of discretion, the parties' circumstances, and its reasoning why there [should or] should not be a departure from the prescribed percentage' " (*Wagner v Dunetz*, 299 AD2d 347, 350-351 [2002], quoting *Matter of Schmitt v Berwitz*, 228 AD2d 604, 605 [1996]; *see Matter of Cassano v Cassano*, 85 NY2d at 655; *Matter of Wienands v Hedlund*, 305 AD2d 692, 693 [2003]). Here, the Supreme Court did not articulate any of its reasoning in determining the child support award. Accordingly, there must be a new determination of child support which shall include the statutory factors

considered and the reasons for such determination (*see McCoy v McCoy*, 107 AD3d 857, 858 [2013]; *Hohlweck v Hohlweck*, 271 AD2d 571 [2000]; *Zaremba v Zaremba*, 222 AD2d 500 [1995]; *Jones v Reese*, 217 AD2d 783 [1995]).

In addition, the Supreme Court incorrectly directed the defendant's maintenance and child support obligations to commence on February 1, 2012, the date of the divorce judgment. A party's maintenance and child support obligations commence, and are retroactive to, the date the applications for maintenance and child support were first made, which, in this case, was December 28, 2007 (*see* Domestic Relations Law § 236 [B] [6] [a]; [7] [a]; *Levitt v Levitt*, 97 AD3d 543, 545 [2012]; *Thomas v Thomas*, 161 AD2d 1151, 1152 [1990]).

Further, under the facts of this case, including the disparity in the financial status of the parties and the plaintiff's limited future earning capacity, the Supreme Court improvidently exercised its discretion in awarding maintenance for only a five-year period. Instead, maintenance should continue until the date when the parties' youngest child turns 21 or is sooner emancipated, which is also the date when the Supreme Court determined that the plaintiff's exclusive occupancy of the marital residence comes to an end (*see Levitt v Levitt*, 97 AD3d 543 [2012]; *see generally Summer v Summer*, 85 NY2d 1014 [1995]).

The Supreme Court also erred in its calculation of the amount to which the plaintiff was entitled for her equitable share of the appreciation of the defendant's convenience stores. The parties stipulated that the value of the two convenience stores appreciated by $379,400 during the period from when the parties were married until commencement of the divorce action. Contrary to the court's conclusion, this entire amount represented marital property subject to equitable distribution (*see Zaretsky v Zaretsky*, 66 AD3d 885 [2009]). While the record supports the Supreme Court's determination that the plaintiff was only entitled to 35% of this marital asset, it erred by further applying such percentage to only half of the stores' appreciated value. Accordingly, the plaintiff is entitled to 35% of $379,400, or $132,790 as her equitable share of the appreciated value of the defendant's convenience stores.

The parties' remaining contentions are without merit.

Accordingly, we remit the matter to the Supreme Court, Suffolk County, for further proceedings, including a hearing, if warranted, to calculate the amount of retroactive maintenance and child support (the latter being based upon the Supreme Court's new child support determination) from the date of the plaintiff's first application for maintenance and child support.

In making such calculations, the Supreme Court shall take into account the actual amount, if any, of mortgage and carrying charges paid by the defendant, and credit the defendant for any temporary maintenance and child support payments which he made during the pendency of the action (*see Kim v Schiller*, 112 AD3d 671, 676-677 [2013]; *Levitt v Levitt*, 97 AD3d at 545; *Pascale v Pascale*, 226 AD2d 439, 440 [1996]). Dillon, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.