JENNIFER PARIETTI-FOGARTY, Respondent, v RAYMOND FOGARTY, Appellant. [35 NYS3d 251]—

Appeal from a judgment of divorce of the Supreme Court, Rockland County (Gerald E. Loehr, J.), dated March 10, 2014. The judgment, insofar as appealed from, determined issues of equitable distribution of the marital estate, awarded the plaintiff monthly child support in the amount of $1,767, and failed to direct that the parties share on a pro rata basis the cost of health insurance for the benefit of the parties' child.

Ordered that the judgment of divorce is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, and the matter is remitted to the

Supreme Court, Rockland County, for a trial and a new determination thereafter on the issues of equitable distribution of the marital estate and child support, and the entry of an appropriate amended judgment of divorce thereafter.

The parties were married in 2006 and have one child together. In February 2012, the plaintiff commenced this action for a divorce and ancillary relief. The parties entered into a settlement agreement regarding child custody and parental access, but they could not agree on issues of equitable distribution and child support. After a pretrial conference, the defendant filed a motion requesting the Supreme Court to rule on certain issues of equitable distribution. In an order dated February 28, 2013, the court, treating the motion as one for summary judgment, denied the relief sought by the defendant on issues of equitable distribution. At a subsequent conference, the defendant's attorney asserted that there were remaining issues of equitable distribution that required a trial. The court stated that it resolved all equitable distribution issues in the order and directed the parties to submit tax returns, child support worksheets, and proposed findings of fact so that it could make a final determination on issues of equitable distribution and child support. After considering the parties' submissions, the court issued a decision dated December 20, 2013, determining issues of equitable distribution and child support. A judgment of divorce was entered upon the order and the decision. The defendant appeals from the judgment of divorce.

Even if we were to consider, as the Supreme Court did, the defendant's motion as one for summary judgment, the submissions of the parties were an inadequate basis upon which to determine the issues of equitable distribution or the issues relating to child support. A trial court must consider sufficient evidence in order to intelligently make the necessary findings of fact and must state the reasons therefor in accordance with Domestic Relations Law § 236 (B). Here, the facts were not sufficiently developed upon the submission of papers to enable a reasoned determination on the issues of equitable distribution or child support. The parties' submissions demonstrated that questions of fact existed, which required the court to conduct a trial to assess, inter alia, the credibility of the parties and their witnesses. Indeed, summary judgment "should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (*Ruiz v Griffin*, 71 AD3d 1112, 1115 [2010] [internal quotation marks omitted]; *see Pavane v Marte*, 109 AD3d 970 [2013]; *Benetatos v Comerford*, 78 AD3d 750 [2010]; *Baker v*

*D.J. Stapleton, Inc.*, 43 AD3d 839 [2007]; *Ganci v Ganci*, 92 AD2d 881, 882 [1983]).

Moreover, with regard to the child support determination, a court must " 'articulate its reason or reasons for [that determination], which should reflect a careful consideration of the stated basis for its exercise of discretion, the parties' circumstances, and its reasoning why there [should or] should not be a departure from the prescribed percentage' " (*Wagner v Dunetz*, 299 AD2d 347, 350-351 [2002], quoting *Matter of Schmitt v Berwitz*, 228 AD2d 604, 605 [1996]; *see Matter of Cassano v Cassano*, 85 NY2d 649, 655 [1995]; *Schack v Schack*, 128 AD3d 941, 943 [2015]; *Matter of Wienands v Hedlund*, 305 AD2d 692, 693 [2003]). Here, the Supreme Court did not articulate the reasons for its determination to apply the statutory percentage to combined parental income over the statutory cap of $136,000.

Accordingly, the matter must be remitted to the Supreme Court, Rockland County, for a trial and a new determination thereafter on the issues of equitable distribution based on findings of fact in compliance with Domestic Relations Law § 236 (B) (5) (g) (*see Madu v Madu*, 135 AD3d 836, 837 [2016]; *McLoughlin v McLoughlin*, 74 AD3d 911, 915 [2010]; *O'Halloran v O'Halloran*, 58 AD3d 704, 705 [2009]), and on the issues of child support, which shall include the statutory factors considered and the reasons for such determination (*see Schack v Schack*, 128 AD3d at 942-943; *McCoy v McCoy*, 107 AD3d 857, 858 [2013]).

In light of our determination, we need not address the parties' remaining contentions. Hall, J.P., Roman, Cohen and Connolly, JJ., concur.