Matter of Fanelli v Orticelli (2019 NY Slip Op 01758)





Matter of Fanelli v Orticelli


2019 NY Slip Op 01758


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2018-09258
 (Docket No. F-03424-17/17A)

[*1]In the Matter of Jillian M. Fanelli, respondent,
v
Bryan J. Orticelli, Sr., appellant.


Bryan J. Orticelli, Sr., Bloomfield, Connecticut, appellant pro se.
The Sallah Law Firm, P.C., Holtsville, NY (Danielle Turturo of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (David Morris, J.), dated July 2, 2018. The order denied the father's objections to an order of the same court (Aletha V. Fields, S.M.) dated March 29, 2018, which, after a hearing, inter alia, directed him to pay child support in the sum of $3,525 per month.
ORDERED that the matter is remitted to the Family Court, Suffolk County (Aletha V. Fields, S.M.), for the Support Magistrate to set forth in a report the factors considered and the reasons for her determination as to child support, and the appeal is held in abeyance in the interim. The Family Court, Suffolk County, shall file its report with all convenient speed.
The parties, who were divorced in 2013, have two children together. At the time of their divorce, the mother was awarded child support in the amount of $2,400 per month. In 2017, the mother filed a petition seeking an upward modification of her prior award of child support. After a hearing, the Support Magistrate found, in effect, that the combined parental income under the Child Support Standards Act (see Domestic Relations Law § 240[1-b]; hereinafter CSSA) was in excess of the applicable "statutory cap" (Family Ct Act § 413[1][c][2], [3]; see Social Services Law § 111-i[2][b]; Matter of Peddycoart v MacKay, 145 AD3d 1081, 1082), and issued an order dated March 29, 2018, directing the father to pay increased child support in the sum of $3,525 per month. The father filed objections to the Support Magistrate's order on the grounds, inter alia, that the Support Magistrate did not adequately explain her reasons for applying the statutory percentage to the combined parental income in excess of the statutory cap, the record did not justify an award based on income exceeding the cap, and the Support Magistrate made errors in determining the father's income. By order dated July 2, 2018, the Family Court denied the father's objections. The father appeals.
The CSSA sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to the statutory cap that is in effect at the time of the judgment (see Holterman v Holterman, 3 NY3d 1, 11; Matter of Cassano v Cassano, 85 NY2d 649, 653-654; see also Social Services Law § 111-i[2][b]). With respect to combined parental income exceeding that amount, the court has the discretion to apply the statutory child support percentage or to apply the factors set [*2]forth in Domestic Relations Law § 240(1-b)(f) (see Matter of Cassano v Cassano, 85 NY2d at 654), or to utilize some combination of those two methods (see Jordan v Jordan, 8 AD3d 444, 445; Poli v Poli, 286 AD2d 720, 723). The hearing court must " articulate its reason or reasons for [that determination], which should reflect a careful consideration of the stated basis for its exercise of discretion, the parties' circumstances, and its reasoning why there [should or] should not be a departure from the prescribed percentage'" (Wagner v Dunetz, 299 AD2d 347, 350-351, quoting Matter of Schmitt v Berwitz, 228 AD2d 604, 605; see Matter of Cassano v Cassano, 85 NY2d at 655).
While the Support Magistrate stated that she had considered some of the relevant factors, including payments made by either party toward the children's medical insurance, the Support Magistrate failed to adequately articulate how these factors applied to the particular circumstances of this case and how she decided the appropriate amount on which to base the father's child support obligation (see Gillman v Gillman, 139 AD3d 667, 669). Inasmuch as the record before us does not sufficiently reveal the Support Magistrate's reasons for her choice to include income above the statutory cap, it is appropriate to remit the matter to the Family Court to enable the Support Magistrate to set forth the factors she considered and the reasons for her determination (see Parietti-Fogarty v Fogarty, 141 AD3d 512, 514; Schack v Schack, 128 AD3d 941, 942-943; McCoy v McCoy, 107 AD3d 857, 857-859).
We reach no other issues at this juncture.
RIVERA, J.P., AUSTIN, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court