■ In the Matter of ERIKA PALMER, Respondent, v RICHARD PALMER, Appellant. [848 NYS2d 249]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from stated portions of an order of the Family Court, Orange County (Kiedaisch, J.), dated March 30, 2007, which, inter alia, (1), in effect, sustained the mother's objections to an order of the same court (Braxton, S.M.) dated January 19, 2007, which, among other things, after a hearing, in effect, vacated a cost-of-living

adjustment order, dated March 18, 2006, issued by the Orange County Child Support Collection Unit, (2) vacated the order dated January 19, 2007, (3) vacated an order of the same court dated February 7, 2007, which terminated his child support obligation with respect to the subject child, and (4) reinstated the cost-of-living adjustment order dated March 18, 2006.

Ordered that the order dated March 30, 2007 is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, the orders dated January 19, 2007 and February 7, 2007, respectively, are reinstated, the cost-of-living adjustment order dated March 18, 2006 is vacated, and the matter is remitted to the Family Court, Orange County, for further proceedings in accordance herewith.

The parties were divorced by judgment dated April 27, 2000. Insofar as relevant to this appeal, by order of the Family Court, Orange County, dated February 28, 2001, the judgment of divorce was amended to obligate the father to pay, through the Orange County Child Support Collection Unit (hereinafter SCU), a total of $500 per month for the support for the couple's only child. The $500 sum consisted of "$255 per month representing [the father's] prorated share of 17% of the combined parental income," plus "$245 per month representing [his] prorated share of reasonable future health care expenses not covered by insurance, child care expenses and educational or other extraordinary expenses."

On March 18, 2006, at the mother's request, the SCU issued a cost-of-living adjustment (hereinafter COLA) order, which increased the father's monthly support obligation from $500 to $564. The father filed objections pursuant to Family Court Act § 413-a (3) and, after a hearing, the Support Magistrate, by order dated January 19, 2007, in effect, vacated the COLA increase and, upon recalculating the amount of child support pursuant to Family Court Act § 413 (see Social Services Law § 111-n [2] [d]), fixed the father's share at $31 per week. By a subsequent order dated February 7, 2007, the Support Magistrate terminated the father's child support obligation altogether. The mother objected to the Support Magistrate's findings and, upon review, the Family Court, by order dated March 30, 2007, inter alia, vacated the two orders and, in effect, upon recalculating the amount of child support pursuant to Family Court Act § 413 and fixing the father's share at $564 per month, reinstated the COLA increase. The father appeals.

In considering the father's objections to the COLA increase, the Family Court was required to consider not only whether the COLA increase should be applied, but also to review the order

"to determine whether an adjustment is warranted based on the guidelines" set forth in Family Court Act § 413 (*Matter of Tompkins County Support Collection Unit v Chamberlin*, 99 NY2d 328, 335 [2003]; *see* Family Ct Act § 413-a [3] [b] [1]; Social Services Law § 111-n [5] [b]). In the order appealed from, however, it is apparent that the Family Court did neither.

Instead, working backward from the SCU's order directing the father to pay a total of $564 per month in child support, the Family Court simply multiplied that amount by 12 to get the new yearly child support obligation, then determined that that amount constituted 17% of $39,812. Noting that the father's adjusted gross income, as reported on his 2005 federal income tax return, was only $16,174, the court simply imputed to him, as additional income pursuant to Family Court Act § 413 (1) (b) (5) (iv), the difference between $39,812 and $16,174, attributing the additional income, inter alia, to non-income producing assets and money provided by the father's relatives. Although we take no issue with the Family Court's determination to impute additional income to the father, the method by which the Family Court calculated it was improper.

At the outset, as a matter of law, the court's calculation was flawed inasmuch as it assumed, incorrectly, that each parent's share of child support could be determined simply by applying the statutory child support percentage of 17% to that party's gross income. Under the Family Court Act, the child support percentage of 17% must be applied to the "combined parental income" (Family Ct Act § 413 [1] [b] [3] [i]; [4]), up to $80,000, and the amount must then be "prorated in the same proportion as each parent's income is to the combined parental income" (Family Ct Act § 413 [1] [c] [2]). Moreover, if the combined parental income exceeds $80,000, then "the court shall determine the amount of child support for the amount of the combined parental income in excess of such dollar amount through consideration of the facts set forth in [Family Court Act § 413 (1) (f)]" (Family Ct Act § 413 [1] [c] [3]). Here, the Family Court's methodology failed to account for the mother's gross income and its possible impact on the father's prorated share of child support.

Second, the Family Court improvidently exercised its discretion by using the SCU's adjusted support obligation amount of $564—which had been calculated in accordance with Social Services Law § 111-n (4) (a), without regard to the guidelines contained in Family Court Act § 413—to compute a gross income figure, which the court then imputed to the father pursuant to Family Court Act § 413 (1) (b) (iv). Among other things, the

Family Court failed to appreciate that, pursuant to the prior order of February 28, 2001, only $255 of the father's $500 support obligation represented his prorated share of 17% of what was then the combined parental income (*see* Family Ct Act § 413 [1] [c] [1]-[3]). The remaining $245 represented his prorated share of health care, child care, educational, and other extraordinary expenses (*see* Family Ct Act § 413 [1] [c] [4]-[7]). Thus, by imputing substantial additional income to the father, the Family Court, in effect, increased the income-based component of his child support obligation from $255 to $564 per month, while failing to take account of any changes in the expense-based component of the calculation, as required under Family Court Act § 413 (1) (c).

Again, although we disagree with the methodology employed by the Family Court in this case, we do not mean to suggest that the court had no factual basis upon which to impute additional income to the father pursuant to Family Court Act § 413 (1) (b) (iv). We take issue only with the amount actually imputed, and the methodology by which such amount was determined.

Accordingly, we reverse the order dated March 30, 2007, insofar as appealed from, reinstate the Support Magistrate's orders dated January 19, 2007, and February 7, 2007, vacate the SCU's COLA order, and remit the matter to the Family Court, Orange County, for a new determination of the mother's objections to the Support Magistrate's order dated January 19, 2007, including a recalculation of the amount of the father's basic child support obligation and, upon such recalculation, the issuance of "a new order of support in accordance with the child support standards as set forth in [Family Court Act § 413]" (Family Ct Act § 413-a [3] [b] [1]; *see Matter of Tompkins County Support Collection Unit v Chamberlin*, 99 NY2d 328, 335-336 [2003]).

The father's remaining contentions are without merit. Krausman, J.P., Fisher, Angiolillo and Balkin, JJ., concur.