◾ In the Matter of ALLANA FREEMAN, Respondent, v DEAN FREEMAN, Appellant. [898 NYS2d 65]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Hoffmann, J.), dated May 13, 2009, as granted his objection to so much of an order of the same court (Rodriguez, S.M.) dated February 26, 2009, as, after a hearing, and upon, in effect, vacating an adjusted order of support dated August 16, 2008, issued by the Suffolk County Child Support Collection Unit, directed him to pay child support in the biweekly sum of $1,656, only to the extent of reducing his child support obligation to the biweekly sum of $1,165.

Ordered that the order is affirmed insofar as appealed from, with costs.

In a judgment of divorce dated July 29, 2003, the marriage of the parties, who had two children, was dissolved. Pursuant to the judgment of divorce, the father was required to pay the mother, who had custody of the children, child support in the biweekly sum of $636. Subsequently, in an order of the Family Court, Suffolk County, dated July 28, 2004, the father was required to make his child support payments through the Suffolk County Support Collection Unit (hereinafter the SCU).

In a cost-of-living adjustment order (hereinafter the COLA order) dated August 18, 2008, the SCU increased the father's child support obligation to the biweekly sum of $713. Even though the father's child support obligation was increased, the mother, who sought to have that obligation increased even fur-

ther, submitted a written objection to the COLA order in the Family Court, as she was entitled to do (*see* Family Ct Act § 413-a [3] [a]; *see generally Matter of Tompkins County Support Collection Unit v Chamberlin*, 99 NY2d 328, 335 [2003]).

In an order dated February 26, 2009 (hereinafter the Support Magistrate's order), a Support Magistrate, after conducting a hearing, in effect, vacated the COLA order, and calculated the father's child support obligation pursuant to the Child Support Standards Act (hereinafter the CSSA) (*see* Family Ct Act § 413-a [3] [b] [1]). In calculating the father's child support obligation pursuant to the CSSA, the Support Magistrate, inter alia, applied the statutory child support percentage of 25% (*see* Family Ct Act § 413 [1] [b] [3] [ii]) to the amount of combined parental income exceeding $80,000. Consequently, the Support Magistrate directed the father to pay child support in the biweekly sum of $1,656. The father filed certain objections to the Support Magistrate's order (*see* Family Ct Act § 439 [e]).

In the order appealed from dated May 13, 2009, the Family Court found, inter alia, that the Support Magistrate improperly applied the statutory child support percentage to the amount of combined parental income exceeding $80,000, as doing so was "unjust and inappropriate." Then, the Family Court, upon considering certain circumstances of the parties and their children, determined the amount of child support for the amount of combined parental income exceeding $80,000 in a particular manner resulting in the father having a significantly reduced child support obligation, to wit, one in the biweekly sum of $1,165.

The CSSA sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling (*see Holterman v Holterman*, 3 NY3d 1, 11 [2004]; *Matter of Cassano v Cassano*, 85 NY2d 649, 653 [1995]), here, $80,000 (*see* Family Ct Act former § 413 [1] [c] [2]). Where, as here, combined parental income exceeds that ceiling, the court, in fixing the basic child support obligation on income over the ceiling, has the discretion to apply the factors set forth in Family Court Act § 413 (f), or to apply the statutory percentages, or to apply both (*see Matter of Cassano v Cassano*, 85 NY2d at 655; *Matter of Byrne v Byrne*, 46 AD3d 812, 814 [2007]). Contrary to the father's contention, under the circumstances, the Family Court providently exercised its discretion in determining the amount of child support for the amount of combined parental income exceeding $80,000.

The father's remaining contentions are without merit. Fisher, J.P., Covello, Lott and Sgroi, JJ., concur.