■ In the Matter of RONALD EAGAR, Respondent, v KAREN SUCHAN, Appellant. [9 NYS3d 628]—

Appeal from an order of the Family Court, Suffolk County (Martha L. Luft, J.), dated April 25, 2014. The order, insofar as appealed from, denied the mother's objections to two orders of that court (Barbara Lynaugh, S.M.), both dated January 27, 2014, which, after a hearing, granted the father's petition to terminate his child support obligation and directed the mother to pay child support to the father in the sum of $344 per week.

Ordered that the order dated April 25, 2014, is affirmed insofar as appealed from, with costs.

The parties' stipulation of settlement, which was incorporated but not merged into their judgment of divorce, contained separate provisions for child support and the payment of college expenses for the children. After the parties' two children began to reside with the father, he petitioned to terminate his child support obligation. The Support Magistrate, after a hearing, granted the father's petition, determined that the parties' older child was emancipated, and directed the mother to pay child support to the father for the parties' younger child in the sum of $344 per week.

The Child Support Standards Act (Domestic Relations Law § 240 [1-b]; Family Ct Act § 413) "sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling" (*Matter of Freeman v Freeman*, 71 AD3d 1143, 1144 [2010]; *see Holterman v Holterman*, 3 NY3d 1, 11 [2004]; *Matter of Cassano v Cassano*, 85 NY2d 649, 653 [1995]; *Matter of De Souza v Nianduillet*, 112 AD3d 823 [2013]). Where combined parental income exceeds the statutory cap—in this case, $136,000 (*see* Social Services Law § 111-i [2] [b], [c])—"the court, in fixing the basic child support obligation on income over the ceiling, has the discretion to apply the factors set forth in Family Court Act § 413 (1) (f), or to apply the statutory percentages, or to apply both" (*Matter of Freeman v Freeman*, 71 AD3d at 1144; *see Matter of De Souza v Nianduillet*, 112 AD3d at 823; *Matter of Lynn v Kroenung*, 97 AD3d 822, 822-823 [2012]). Since the statute "explicitly vests discretion in the court and [because] the exercise of discretion is subject to review . . . some record articulation of the reasons for the court's choice to apply the percentage is necessary to facilitate . . . review" (*Matter of Cassano v Cassano*, 85 NY2d at 655; *see Matter of Wienands v Hedlund*, 305 AD2d 692, 693 [2003]; *Rohrs v Rohrs*, 297 AD2d 317, 318 [2002]). Here, the Support Magistrate properly articulated her reasons for applying the statutory percentages

to parental income over the statutory cap, and her determination was not an improvident exercise of discretion (*see Matter of Lynn v Kroenung*, 97 AD3d at 823; *Huffman v Huffman*, 84 AD3d 875 [2011]; *Matter of Freeman v Freeman*, 71 AD3d at 1144).

Contrary to the mother's contention, she was not entitled to a credit toward her child support obligation by virtue of. her additional obligation, contained in the parties' stipulation of settlement, to pay a pro rata share of the unemancipated child's college room and board expenses, when incurred, as no such credit was contemplated by the parties' stipulation of settlement (*see Matter of Filosa v Donnelly*, 94 AD3d 760 [2012]; *Colucci v Colucci*, 54 AD3d 710, 712 [2008]).

The mother's remaining contentions are either unpreserved for appellate review or without merit.

Accordingly, the Family Court properly denied the mother's objections. Eng, P.J., Hall, Cohen and Barros, JJ., concur.