Matter of Murray v Murray (2018 NY Slip Op 06245)





Matter of Murray v Murray


2018 NY Slip Op 06245


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-10626
 (Docket No. F-11322-09/17E)

[*1]In the Matter of Susan Murray, appellant, 
v
E. Christopher Murray, respondent.


Horn & Horn, Huntington, NY (Jeffrey S. Horn and Philip Parlante of counsel), for appellant.
Fass & Greenberg, LLP, Garden City, NY (Elena L. Greenberg of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (Anthony S. Senft, Jr., J.), dated September 6, 2017. The order denied the mother's objections to an order of the same court (Aletha V. Fields, S.M.) dated June 22, 2017, which, after a hearing, reduced the father's child support obligation.
ORDERED that the order dated September 6, 2017, is affirmed, with costs.
The parties were previously married and have two children together. The parties executed a stipulation of settlement dated July 16, 2001, which was incorporated but not merged into their judgment of divorce dated January 3, 2002, in which they agreed, inter alia, to share joint custody of the children, with the mother having physical custody. The parties agreed to opt out of the basic child support obligations under the Child Support Standards Act (hereinafter the CSSA), and that the father would pay a certain sum for child support from August 1, 2001, through January 31, 2006. The parties also executed a rider to the stipulation, in which they agreed that beginning on February 1, 2006, until both children were emancipated, the father would pay child support to the mother based on the provisions set forth in Domestic Relations Law § 240(1-b) and by using the parties' total combined income for the year 2005. In an order dated October 30, 2009, the Family Court, upon the parties' consent, directed the father to pay $740.56 per week in child support for both children through the Support Collection Unit (hereinafter the SCU).
In March 2017, the SCU notified the parties of a cost-of-living adjustment (hereinafter COLA) to the father's child support obligation for the parties' one remaining unemancipated child (hereinafter the subject child), which increased the father's weekly child support obligation to $822. The mother filed an objection to the COLA pursuant to Family Court Act § 413-a, and a hearing was held before a Support Magistrate. At the time, the subject child was 20 years old and entering her third year of college. After the hearing, the Support Magistrate, in an order dated June 22, 2017, in effect, vacated the COLA increase and, upon recalculating the amount of child support for the subject child pursuant to Family Court Act § 413, fixed the father's child support obligation at $360 per week. The Support Magistrate found that although the parties' combined parental income was $371,697.08, the mother failed to set forth a basis upon which to [*2]apply the statutory child support percentage to any income above the statutory cap of $143,000.
The mother filed objections to the Support Magistrate's order. In an order dated September 6, 2017, the Family Court denied the mother's objections. The mother appeals.
Although the parties agreed in the stipulation to opt out of the provisions of the CSSA (Domestic Relations Law § 240[1-b]; Family Ct Act § 413), after the mother filed an objection to the COLA, the Support Magistrate was required, pursuant to Family Court Act § 413-a, to conduct a de novo review of the father's support obligation under the CSSA (see Matter of Tompkins County Support Collection Unit v Chamberlin, 99 NY2d 328; Matter of Bianchi v Breakell, 23 AD3d 947, 949; see also Matter of Freeman v Freeman, 71 AD3d 1143, 1144; Matter of Palmer v Palmer, 46 AD3d 688, 689). The review and adjustment procedures set forth in Family Court Act § 413-a "apply equally to orders based on an agreement and those based solely on the child support standards" (Matter of Tompkins County Support Collection Unit v Chamberlin, 99 NY2d at 336). Parties to an agreement that deviates from the guidelines set forth in the CSSA "may demonstrate why, in light of the agreement, it would be unjust or inappropriate to apply the guideline amounts" (id. at 336-337). Accordingly, in recalculating the father's child support obligation, the Support Magistrate properly considered the guidelines set forth in the CSSA.
The CSSA "sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling" (Matter of Freeman v Freeman, 71 AD3d at 1144; see Holterman v Holterman, 3 NY3d 1, 11; Matter of Cassano v Cassano, 85 NY2d 649, 653; Matter of Eagar v Suchan, 128 AD3d 961, 962). When the parties' combined income is more than the statutory cap—in this case, $143,000 (see Social Services Law § 111-1[2][b], [c])—"the court has the discretion to cap the support obligation at an amount based on the statutory cap or order child support above the statutory cap, based on the factors set forth in Family Court Act § 413(1)(f) and/or the child support percentage set forth in Family Court Act § 413(1)(c)(3)" (Matter of Santman v Schonfeldt, 159 AD3d 914, 915; see Matter of Cassano v Cassano, 85 NY2d at 654; Matter of Peddycoart v MacKay, 145 AD3d 1081, 1084). Here, the Support Magistrate providently exercised her discretion in applying the child support percentage to $143,000 of the parties' combined income (see Matter of Heintzman v Heintzman, 157 AD3d 682, 693; Matter of Peddycoart v MacKay, 145 AD3d at 1085; Merrick v Merrick, 132 AD3d 742, 743; Matter of McVey v Barnett, 107 AD3d 808, 809). The mother failed to demonstrate why, in light of provisions of the stipulation and the rider, it was unjust or inappropriate for the Support Magistrate to decline to apply the child support percentage to the parties' combined income over the statutory cap (see Matter of Tompkins County Support Collection Unit v Chamberlin, 99 NY2d at 336-337). Accordingly, we agree with the Family Court's denial of the mother's objections to the Support Magistrate's order.
RIVERA, J.P., CHAMBERS, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court