Matter of Levin v Blum (2018 NY Slip Op 08300)





Matter of Levin v Blum


2018 NY Slip Op 08300


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-00948
 (Docket No. F-9153-16/16A)

[*1]In the Matter of Tomer T. Levin, respondent-appellant,
v
Efrat Blum, appellant-respondent.


DiMascio & Associates, LLP, Garden City, NY (Lisa J. Silverman of counsel), for appellant-respondent.
Sunshine, Isaacson & Hecht, LLP, Jericho, NY (Joshua Hecht of counsel), for respondent-appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals and the father cross-appeals from an order of the Family Court, Nassau County (Felice J. Muraca, J.), dated November 29, 2017. The order, insofar as appealed from, denied the mother's objections to so much of an order of the same court (Nadine J. Satterthwaite, S.M.) dated July 28, 2017, as, after a hearing, and upon its findings of fact dated July 20, 2017, imputed monthly income to her in the sum of $8,196.68 in awarding her the sum of only $3,200 per month in child support. The order, insofar as cross-appealed from, denied the father's objections to so much of the order dated July 28, 2017, as, after a hearing, and upon its findings of fact dated July 20, 2017, calculated the parties' respective child support obligations by applying the statutory percentages to the adjusted gross income above the $143,000 statutory cap.
ORDERED that the order dated November 29, 2017, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The parties are divorced. They are the parents of two children. Pursuant to the parties' judgment of divorce and a stipulation of settlement, which was incorporated but did not merge into the judgment of divorce, the father's child support obligation would be recalculated on a de novo basis in accordance with the Child Support Standards Act (hereinafter the CSSA) when, among other events, his obligation to pay maintenance to the mother terminated.
After his obligation to pay maintenance terminated, the father petitioned to modify his child support obligation. Following a hearing, the Support Magistrate, inter alia, imputed monthly income to the mother in the sum of $8,196.68 in determining the child support obligations, and calculated the parties' respective child support obligations by applying the statutory percentages to the adjusted gross income above the $143,000 statutory cap. The mother and the father each filed objections. By order dated November 29, 2017, the Family Court denied the mother's objections and the father's objections. The mother appeals and the father cross-appeals.
We agree with the Family Court's denial of the mother's objections to the Support Magistrate's determination to impute monthly income to her in the sum of $8,196.68. A support magistrate may impute income to a parent based on his or her employment history, future earning capacity, educational background, or money, goods, or services provided by relatives and friends (see [*2]Family Ct Act § 413[1][b][5][iv]; Matter of Napoli v Koller, 140 AD3d 1070, 1071). A support magistrate is afforded considerable discretion in determining whether to impute income to a parent, and we accord deference to a support magistrate's credibility determinations (see Matter of Napoli v Koller, 140 AD3d at 1071). Here, the Support Magistrate properly imputed income to the mother based on, inter alia, her educational background, her monthly expenses, and the resources available to her, in calculating the parties' incomes for purposes of the child support formula (see Matter of Rohme v Burns, 92 AD3d 946, 947).
We also agree with the Family Court's denial of the father's objections to the Support Magistrate's determination to calculate the parties' respective child support obligations by applying the statutory percentages to the adjusted gross income above the $143,000 statutory cap. The CSSA "sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling" (Matter of Murray v Murray, 164 AD3d 1451, 1453 [internal quotation marks omitted]; see Matter of Cassano v Cassano, 85 NY2d 649, 653). Where, as here, the parties' combined income is more than the statutory cap, "the court has the discretion to cap the support obligation at an amount based on the statutory cap or order child support above the statutory cap, based on the factors set forth in Family Court Act § 413(1)(f) and/or the child support percentage set forth in Family Court Act § 413(1)(c)(3)" (Matter of Murray v Murray, 164 AD3d at 1453 [internal quotation marks omitted]). Since the statute "explicitly vests discretion in the court and [because] the exercise of discretion is subject to review . . . some record articulation of the reasons for the court's choice to apply the percentage is necessary to facilitate . . . review" (Matter of Cassano v Cassano, 85 NY2d at 655; see Matter of Eagar v Suchan, 128 AD3d 961, 962). Here, the Support Magistrate properly articulated her reasons for applying the statutory percentages to parental income over the statutory cap, and her determination was not an improvident exercise of discretion (see Matter of Eagar v Suchan, 128 AD3d at 962-963).
LEVENTHAL, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court