Matter of Ward v Hall (2020 NY Slip Op 07073)





Matter of Ward v Hall


2020 NY Slip Op 07073


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2019-14352
 (Docket No. F-5033-19)

[*1]In the Matter of Toni S. Ward, respondent,
v
Keneth N. Hall, appellant.


Mangi & Graham, LLP, Westbury, NY (James J. Graham of counsel), for appellant.
Pamela A. Aurelien, Hauppauge, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Paul M. Hensley, J.), dated October 30, 2019. The order, insofar as appealed from, granted the mother's objection to so much of an order of the same court (Darlene Jorif-Mangane, S.M.) dated August 8, 2019, as, after a hearing, directed the father the pay basic child support in the sum of $2,400 per month, and thereupon, in effect, vacated that portion of the order dated August 8, 2019, and directed the father to pay basic child support in the sum of $4,000 per month.
ORDERED that the order dated October 30, 2019, is affirmed insofar as appealed from, with costs.
The parties, who were never married to each other, are the parents of one child, born in 2018. In January 2019, the mother filed a petition seeking the payment of child support from the father. Following a hearing, the Support Magistrate, in an order dated August 8, 2019, found that the father's basic child support obligation would be $8,075.82 per month if the statutory percentage were applied to the parties' full combined parental income. The Support Magistrate concluded that this sum was excessive under the circumstances and that the child's needs would be met if the father paid $2,400 per month in basic child support. Accordingly, the Support Magistrate, in effect, granted the mother's petition and directed the father to pay the mother the sum of $2,400 per month in basic child support. In September 2019, the mother filed objections to this order. In an order dated October 30, 2019, the Family Court, inter alia, granted the mother's objection to so much of the order dated August 8, 2019, as set the father's basic child support obligation at $2,400 per month, and instead directed the father to pay the sum of $4,000 per month in basic child support. The father appeals.
"'The CSSA sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling'" (Matter of Glick v Ruland, 185 AD3d 926, 927, quoting Matter of Freeman v Freeman, 71 AD3d 1143, 1144). "Where combined parental income exceeds the statutory cap, in fixing the basic child support obligation on income over the ceiling, the court has the discretion to apply the factors set forth in Family Court Act § 413(1)(f), or to apply the statutory percentages, or to apply both" (Matter of Glick v Ruland, 185 AD3d at 927-928). The court [*2]is required to articulate an explanation for its calculation of child support based on parental income in excess of the statutory cap (see id. at 928). In addition, the court's explanation should reflect a careful consideration of the basis for its exercise of discretion, the parties' circumstances, and the court's reasoning why there should or should not be a departure from the prescribed percentage (see id.; Candea v Candea, 173 AD3d 663, 665; McCoy v McCoy, 107 AD3d 857, 858).
Here, the Family Court engaged in a thorough analysis of the parties' financial situation, including the father's considerable income, the income disparity between the parties, the father's child support obligations for other children not subject to this proceeding and the living condition and needs of the parties' child. Under the circumstances presented, the court providently exercised its discretion in basing its calculation of child support on parental income in excess of the statutory cap (see Klein v Klein, 178 AD3d 802, 805), and its determination thereupon that the father pay the sum of $4,000 per month in basic child support is adequately supported by the record (see Matter of Fishman v Fishman, 186 AD3d 1199).
The father's remaining contention is without merit.
SCHEINKMAN, P.J., DILLON, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court