Matter of Yaroshevsky v Yaroshevsky (2023 NY Slip Op 04208)

Matter of Yaroshevsky v Yaroshevsky

2023 NY Slip Op 04208

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2022-08027
 (Docket Nos. F-720-18/21G, F-720-18/21H, F-720-18/21I)

[*1]In the Matter of Nataliya Yaroshevsky, respondent,
v
Severyn Yaroshevsky, appellant. (Proceeding No. 1)
In the Matter of Severyn Yaroshevsky, appellant,
v Nataliya Yaroshevsky, respondent. (Proceeding No. 2)

Mazzara & Small, P.C., Bohemia, NY (Kathy B. Small of counsel), for appellant.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Paul M. Hensley, J.), dated July 29, 2022. The order denied the father's objections to an order of the same court (Kathyrn L. Coward, S.M.) dated June 1, 2022, which, after a hearing, in effect, granted the mother's petition for an upward modification of the father's child support obligation and denied the father's petition for a downward modification of his child support obligation.
ORDERED that the order dated July 29, 2022, is affirmed, without costs or disbursements.
The parties are divorced and have two children together. In an order of support dated June 1, 2018, entered upon the parties' consent, the father was directed to pay to the mother child support in the sum of $2,366 per month and child care expenses in the sum of $450 per month. More than three years later, the mother filed a petition for an upward modification of the father's child support obligation, and the father filed a petition for a downward modification of his child support obligation. Following a hearing, in an order dated June 1, 2022, the Support Magistrate, in effect, granted the mother's petition, denied the father's petition, and modified the order of support. The order directed the father to pay child support in the sum of $3,750 per month and child care expenses in the sum of $304 per week from June 21, 2021, to February 28, 2022. The order further directed [*2]the father, as of March 1, 2022, to pay child support in the sum of $4,150 per month and child care expenses in the sum of $292 per week. In an order dated July 29, 2022, the Family Court denied the father's objections to the Support Magistrate's order. The father appeals.
"'The [Child Support Standards Act] sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling'" (Matter of Peddycoart v MacKay, 145 AD3d 1081, 1083, quoting Matter of Freeman v Freeman, 71 AD3d 1143, 1144). "Where, as here, the combined parental income exceeds the statutory cap, in fixing the basic child support obligation on income over the cap, the court has the discretion to apply the factors set forth in Family Court Act § 413(1)(f), or to apply the statutory percentages, or to apply both" (Matter of Good v Ricardo, 189 AD3d 830, 831; see Family Ct Act § 413[1][c][3]). The court must "articulate its reason or reasons for [that determination], which should reflect a careful consideration of the stated basis for its exercise of discretion, the parties' circumstances, and its reasoning why there [should or] should not be a departure from the prescribed percentage" (Matter of Fanelli v Orticelli, 178 AD3d 700, 702 [internal quotation marks omitted]). "In addition to providing a record explanation for deviating or not deviating from the statutory formula, a court must relate that record articulation to the factors set forth in Domestic Relations Law § 240(1-b)(f)" (Hepheastou v Spaliaras, 201 AD3d 793, 794-795 [internal quotation marks omitted]). These factors include the financial resources of the custodial and noncustodial parent and the standard of living the children would have enjoyed if the parties had remained together (see Domestic Relations Law § 240[1-b][f]).
"The court may modify an order of child support . . . upon a showing of a substantial change in circumstances" (Family Ct Act § 451[3][a]). Additionally, unless the parties have specifically opted out, "[s]ection 451 of the Family Court Act permits a court to modify an order of child support where either party's gross income has changed by 15% or more since the order was entered or modified, or three years . . . have passed since the order was entered, last modified, or adjusted" (Matter of Good v Ricardo, 189 AD3d at 831, citing Family Ct Act § 451[3][b][i], [ii]). "The party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (Matter of Vetrano v Vetrano, 177 AD3d 890, 891). "In determining whether there has been a change in circumstances warranting modification of a parent's child support obligation, the court must consider several factors, including the increased needs of the children, the increased cost of living insofar as it results in greater expenses for the children, a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior lifestyles of the children" (id. at 891 [internal quotation marks omitted]).
Here, the Family Court properly denied the father's objections to the Support Magistrate's order. Three years had passed since the order of support was made, authorizing the court to consider modification of the father's child support obligation (see Family Ct Act § 451[3][b][i], [ii]; Matter of Good v Ricardo, 189 AD3d at 831).
Contrary to the father's contentions, the Family Court properly denied his objections to so much of the Support Magistrate's order as, in effect, denied that branch of his petition which was for a downward modification of his child support obligation for the period of June 21, 2021, to February 28, 2022, based upon his unemployment, and, in effect, granted that branch of the mother's petition which was for an upward modification of his child support obligation during the same period. "While a party's loss of employment may constitute a substantial change in circumstances, [*3][a] party seeking a downward modification of his or her child support obligation based upon a loss of employment has the burden of demonstrating that his or her employment was terminated through no fault of his or her own, and that he or she made diligent attempts to secure employment commensurate with his or her education, ability, and experience" (Matter of Nimely v Corneh, 214 AD3d 812, 814 [citations and internal quotation marks omitted]; see Matter of Jean-Baptiste v Jean-Baptiste, 207 AD3d 630, 631). "'Deference should be given to credibility determinations of the Support Magistrate, who was in the best position to evaluate the credibility of the witnesses on this point'" (Matter of Valverde v Owens, 160 AD3d 753, 755, quoting Matter of Hezi v Hezi, 141 AD3d 587, 588). Here, the father failed to meet his burden of demonstrating that his employment was terminated through no fault of his own (see Matter of Nimely v Corneh, 214 AD3d 812; Pathak v Shukla, 164 AD3d 690, 691). Further, the Support Magistrate's determination to impute income to the father for the period of time he was unemployed, based upon his past income and future earning capacity, was supported by the record (see Matter of Julianska v Majewski, 78 AD3d 1182, 1183).
Moreover, the father's objections to the Support Magistrate's determination to base her calculation of child support on parental income that exceeded the statutory cap were without merit. The Support Magistrate engaged in a thorough analysis of the parties' financial situation, including the father's considerable income, the income disparity between the parties, and the standard of living that the children would have enjoyed had the marriage not been dissolved. Under these circumstances, the Support Magistrate providently exercised her discretion in basing her calculation of child support on parental income in excess of the statutory cap (see Matter of Ward v Hall, 188 AD3d 1222, 1224; Matter of Hipp v Ryan, 188 AD3d 1206, 1207-1208).
The father's objections to the increase in child care expenses were properly denied. The Support Magistrate's decision to credit the mother's testimony regarding the amount of child care expenses that she incurred is entitled to great deference and will not be disturbed (see Matter of Jimenez v Jimenez, 222 AD2d 589, 590; see also Matter of Lewis v Redhead, 5 AD3d 600, 601).
The father's remaining contention is without merit.
CONNOLLY, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court