Matter of Srivastava v Dutta (2023 NY Slip Op 05404)

Matter of Srivastava v Dutta

2023 NY Slip Op 05404

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2022-08946
 (Docket No. F-10149-21)

[*1]In the Matter of Pallavi Srivastava, respondent,
v
Rana Dutta, appellant.

Saltzman Chetkof & Rosenberg LLP, Garden City, NY (Lee Rosenberg and Neelam B. Bhagrath of counsel), for appellant.
Mangi & Graham, LLP, Westbury, NY (James J. Graham of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Joy M. Watson, J.), dated September 28, 2022. The order denied the father's objections to an order of the same court (Tomasina C. Mastroianni, S.M.) dated March 30, 2022, which, after a hearing, granted the mother's petition for an upward modification of the father's child support obligation and directed the father to pay child support in the sum of $1,522.92 per month.
ORDERED that the order dated September 28, 2022, is affirmed, with costs.
The mother and the father have one child together. In a judgment entered October 9, 2015, the Supreme Court, inter alia, directed the father to pay child support in the sum of $878.92 per month. In January 2021, the mother commenced this proceeding in the Family Court for an upward modification of the father's child support obligation. Following a hearing, in an order dated March 30, 2022, a Support Magistrate granted the mother's petition and directed the father to pay child support in the sum of $1,522.92 per month, as well as 50% of the child's educational and tutoring expenses. In an order dated September 28, 2022, the court denied the father's objections to the Support Magistrate's order. The father appeals.
"'The [Child Support Standards Act] sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling'" (Matter of Peddycoart v MacKay, 145 AD3d 1081, 1083, quoting Matter of Freeman v Freeman, 71 AD3d 1143, 1144). "Where, as here, the combined parental income exceeds the statutory cap, in fixing the basic child support obligation on income over the cap, the court has the discretion to apply the factors set forth in Family Court Act § 413(1)(f), or to apply the statutory percentages, or to apply both" (Matter of Good v Ricardo, 189 AD3d 830, 831; see Family Ct Act § 413[1][c][3]). The court must "articulate its reason or reasons for [that determination], which should reflect a careful consideration of the stated basis for its exercise of discretion, the parties' circumstances, and its reasoning why there [should or] should not be a departure from the prescribed percentage" (Matter of Fanelli v Orticelli, 178 AD3d 700, 702 [internal quotation marks omitted]). "In addition to providing a record explanation for deviating or [*2]not deviating from the statutory formula, a court must relate that record articulation to the factors set forth in Domestic Relations Law § 240(1-b)(f)" (Hepheastou v Spaliaras, 201 AD3d 793, 794-795 [internal quotation marks omitted]).
"The court may modify an order of child support . . . upon a showing of a substantial change in circumstances" (Family Ct Act § 451[3][a]). Additionally, unless the parties have specifically opted out, "[s]ection 451 of the Family Court Act permits a court to modify an order of child support where (1) either party's gross income has changed by 15% or more since the order was entered or modified, or (2) three years . . . have passed since the order was entered, last modified, or adjusted" (Matter of Good v Ricardo, 189 AD3d at 831, citing Family Ct Act § 451[3][b][i], [ii]).
Here, the Family Court properly denied the father's objections to the Support Magistrate's order. Three years had passed since the order of support was made, authorizing the court to consider modification of the father's child support obligation (see Family Ct Act § 451[3][b][i], [ii]; Matter of Good v Ricardo, 189 AD3d at 831).
Moreover, the father's objections to the Support Magistrate's determination to apply the child support percentage to the combined parental income in excess of the statutory cap were without merit. The Support Magistrate engaged in a thorough analysis of the parties' financial situation, including the parties' considerable income and the child's needs. Moreover, the Support Magistrate's determination that the father's testimony regarding his finances lacked credibility was supported by the record and will not be disturbed (see Matter of Sinzieri v Kaminsky, 218 AD3d 592, 592; Matter of Glaudin v Glaudin, 213 AD3d 762, 763). Under these circumstances, the Support Magistrate providently exercised her discretion in applying the child support percentage to the parties' income over the statutory cap (see Matter of Yaroshevsky v Yaroshevsky, 219 AD3d 609; Moradi v Buhl, 201 AD3d 928, 929; Bari v Bari, 200 AD3d 835; Matter of Ward v Hall, 188 AD3d 1222, 1224).
The father's objections to paying 50% of the child's educational and tutoring expenses were also properly denied (see Abayomi v Guevara, 215 AD3d 720, 721; Matter of Weissbach v Weissbach, 169 AD3d 702, 704).
The father's remaining contentions are either without merit or improperly raised for the first time on appeal.
DILLON, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court