Matter of Abrams v Abrams (2025 NY Slip Op 02768)

Matter of Abrams v Abrams

2025 NY Slip Op 02768

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-03053
 (Docket No. F-9744-22)

[*1]In the Matter of Dara Rachel Abrams, respondent, 
v
Jonathan Scher Abrams, appellant.

Sunshine Isaacson & Hecht LLP, Jericho, NY (Joshua B. Hecht of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated March 21, 2024. The order, insofar as appealed from, denied the father's objections to so much of an order of the same court (Lisa M. Williams, S.M.) dated January 19, 2024, as, after a hearing, and upon findings of fact, also dated January 19, 2024, included in the calculation of the parties' respective child support obligations 25% of their combined adjusted gross income in excess of the statutory cap of $163,000.
ORDERED that the order dated March 21, 2024, is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 2009 and are the parents of two children, born in 2016 and 2020, respectively. The mother commenced this proceeding pursuant to Family Court Act article 4 in December 2022. After a hearing, in an order dated January 19, 2024, the Support Magistrate, inter alia, granted the mother's petition and directed the father to pay child support in the sum of $431.36 per week. The calculation of the parties' respective child support obligations included 25% of their combined adjusted gross income in excess of the statutory cap of $163,000 (see Family Ct Act § 413[1][c][3]). In findings of fact, the Family Court supported its determination to include in its calculation of the parties' respective child support obligations 25% of their combined adjusted gross income in excess of the statutory cap based on, among other things, the greater financial resources of the father as the noncustodial parent and, relatedly, the father's gross income being more than twice that of the mother's imputed income (see id. § 413[1][f][1], [7]). The father filed objections to the Support Magistrate's order, contending that the Support Magistrate erred by including in her calculation of the parties' respective child support obligations 25% of their combined adjusted gross income in excess of the statutory cap. In an order dated March 21, 2024, the court denied the father's objections. The father appeals.
"The Child Support Standards Act sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling" (Matter of Butta v Realbuto, 214 AD3d 973, 974 [internal quotation marks omitted]; see Family Ct Act § 413). "Where, as here, the combined parental income exceeds the statutory cap, in fixing the basic child support obligation on income over the cap, the court has the discretion to apply the factors set forth in Family Court Act § [*2]413(1)(f), or to apply the statutory percentages, or to apply both" (Matter of Good v Ricardo, 189 AD3d 830, 831; see Family Ct Act § 413[1][c][3]). "'However, the Family Court must articulate an explanation of the basis for its calculation of child support based on parental income in excess of the statutory cap'" (Matter of Butta v Realbuto, 214 AD3d at 975, quoting Matter of Peddycoart v MacKay, 145 AD3d 1081, 1084). "This articulation should reflect a careful consideration of the stated basis for its exercise of discretion, the parties' circumstances, and its reasoning why there [should or] should not be a departure from the prescribed percentage" (Matter of Peddycoart v MacKay, 145 AD3d at 1084 [internal quotation marks omitted]). "In addition to providing a record explanation for deviating or not deviating from the statutory formula, a court must relate that record articulation to the factors set forth in Family Court Act § 413(1)(f)" (id. [internal quotation marks omitted]).
Here, the Support Magistrate providently exercised her discretion in fixing the basic child support obligation on income in excess of the statutory cap by applying the statutory percentage to that income (see Family Ct Act § 413[1][b][3][ii]; Matter of Srivastava v Dutta, 220 AD3d 949, 951). Moreover, the Support Magistrate adequately articulated her reasoning for including in her calculation of the parties' respective child support obligations 25% of their combined adjusted gross income in excess of the statutory cap with reference to the factors set forth in Family Court Act § 413(1)(f), including the greater financial resources of the father as the noncustodial parent (see id. § 413[1][f][1]) and the disparity between the father's gross income and the mother's imputed income (see id. § 413[1][f][7]; Matter of Srivastava v Dutta, 220 AD3d at 951; Matter of Ward v Hall, 188 AD3d 1222, 1224).
Accordingly, the Family Court properly denied the father's objections (see Matter of Srivastava v Dutta, 220 AD3d at 951; Matter of Yaroshevsky v Yaroshevsky, 219 AD3d 609, 612).
BRATHWAITE NELSON, J.P., DOWLING, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court