Matter of Sanchez v Vinh Q. Thai (2025 NY Slip Op 03332)

Matter of Sanchez v Vinh Q. Thai

2025 NY Slip Op 03332

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JANICE A. TAYLOR
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-04941
2024-04943
 (Docket No. F-7852-23)

[*1]In the Matter of Nataly M. Sanchez, respondent, 
v
Vinh Q. Thai, appellant.

Friedman & Friedman, Garden City, NY (Laraib Butt of counsel), for appellant.
Joseph Law Group, P.C., Garden City, NY (Joseph J. Braccioner III of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Nassau County (Adam E. Small, S.M.), dated April 1, 2024, and (2) an order of the same court (Sylvia A. Cabana, J.) dated May 16, 2024. The order dated April 1, 2024, insofar as appealed from, after a hearing, and upon findings of fact dated March 29, 2024, directed the father to pay the sum of $2,500 per month in basic child support and 72% of the extracurricular activity expenses of the parties' child as child care expenses. The order dated May 16, 2024, denied the father's objections to the order dated April 1, 2024.
ORDERED that the appeal from the order dated April 1, 2024, is dismissed, as that order was superseded by the order dated May 16, 2024; and it is further,
ORDERED that the order dated May 16, 2024, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
The father and the mother, who were never married, have one child together, born in 2020. In 2023, the mother commenced this proceeding against the father pursuant to Family Court Act article 4 for child support. After a hearing at which each party testified, and upon findings of fact dated March 29, 2024, in an order dated April 1, 2024, the Support Magistrate, inter alia, directed the father to pay basic child support in the sum of $2,500 per month and 72% of the extracurricular activity expenses for the child as child care expenses. The father filed objections to the Support Magistrate's order. In an order dated May 16, 2024, the Family Court denied the father's objections. The father appeals from the orders dated April 1, 2024, and May 16, 2024.
Contrary to the father's contention, the Family Court properly denied his objection to the Support Magistrate's determination to include his 2023 bonus of $75,000 as income in calculating his child support obligation. Under the Child Support Standards Act (hereinafter CSSA), income consists of, among other things, "gross (total) income as should have been or should be reported in the most recent federal income tax return" (Family Ct Act § 413[1][b][5][i]; see Domestic Relations Law § 240[1-b][b][5][i]). Here, the Support Magistrate properly concluded that, [*2]insofar as the father failed to support his claim that the $75,000 represented a one-time bonus, the court was constrained to use the income listed on the father's 2023 tax documents (see Khaira v Khaira, 93 AD3d 194; Heiny v Heiny, 74 AD3d 1284, 1286; cf. Matter of Muselevichus v Muselevichus, 40 AD3d 997, 999).
Contrary to the father's further contention, the Family Court properly denied his objection to the Support Magistrate's determination to calculate his child support obligation based on combined parental income above the statutory cap of $183,000. The CSSA "sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling" (Spinner v Spinner, 188 AD3d 748, 751 [internal quotation marks omitted]; see Family Ct Act § 413; Holterman v Holterman, 3 NY3d 1, 10-11). "Where . . . the combined parental income exceeds the statutory cap, in fixing the basic child support obligation on income over the cap, the court has the discretion to apply the factors set forth in Family Court Act § 413(1)(f), or to apply the statutory percentages, or to apply both" (Matter of Good v Ricardo, 189 AD3d 830, 831, citing Family Ct Act § 413[1][c][3]; see Matter of Giraldo v Fernandez, 199 AD3d 796, 798-799; Matter of Calta v Hoagland, 167 AD3d 598, 599). "However, the Family Court must articulate an explanation of the basis for its calculation of child support based on parental income in excess of the statutory cap" (Matter of Peddycoart v MacKay, 145 AD3d 1081, 1084; see Matter of Keith v Lawrence, 113 AD3d 615, 616). "This articulation should reflect 'a careful consideration of the stated basis for its exercise of discretion, the parties' circumstances, and its reasoning why there [should or] should not be a departure from the prescribed percentage'" (Matter of Peddycoart v MacKay, 145 AD3d at 1084, quoting McCoy v McCoy, 107 AD3d 857, 858; see Matter of Good v Ricardo, 189 AD3d at 832).
Here, the Support Magistrate properly articulated the reasons for applying the child support percentages to combined parental income above the statutory cap. The specific factors relied upon by the Support Magistrate in making this determination were stated in the findings of fact, including: the substantial disparity in the parties' income, as the father's earnings were approximately 2½ times greater than the mother's (see Family Ct Act § 413[1][f][7]); the standard of living that the child would have enjoyed had the household remained intact (see id. § 413[1][f][3]); and the parties' resources (see id. § 413[1][f][1]). Accordingly, the Support Magistrate providently exercised his discretion in applying the child support percentage to the parties' income above the statutory cap (see Matter of Srivastava v Dutta, 220 AD3d 949, 951).
The father's contention that the Support Magistrate improperly directed him to pay 72% of the extracurricular activity expenses for the child as child care expenses is unpreserved for appellate review, as the father failed to raise the issue in his objections to the Support Magistrate's order (see Matter of Kolodny v Perlman, 143 AD3d 818, 821; Matter of Stoll v Stoll, 132 AD3d 1004, 1006).
BRATHWAITE NELSON, J.P., TAYLOR, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court